(No. 22088.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARCHIE BROWN, Plaintiff in Error.

*Opinion filed December 22, 1933.*

GERALD G. GINNAVEN, for plaintiff in error.

OTTO KERNER, Attorney General, A. H. GREENING, State's Attorney, J. J. NEIGER, and THOMAS W. HOOPES, for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Archie Brown, plaintiff in error, was indicted, tried and convicted in the circuit court of Sangamon county on the charge of robbery while armed with a gun. This was his third trial. He brings the case here by writ of error and urges three grounds for reversal of his conviction. The first contention is that the court erred in overruling his motion in arrest of judgment, based on his contention that the minutes and record of the clerk of the circuit court of Sangamon county fail to show that the grand jury, foreman and bailiff of the grand jury were sworn, as the law provides. The second contention is that the court erred in overruling a motion to dismiss, which counsel for plaintiff in error styles his plea of former jeopardy; and the third contention is that the trial court erred in overruling plaintiff in error's motion to quash the search and suppress the evidence, which he contends was illegally obtained.

The defendant in error earnestly contends that no question for review has been properly presented because of the failure of the plaintiff in error to abstract the motions mentioned above as a part of the bill of exceptions. The motion to dismiss for former jeopardy and the motion to quash and suppress were erroneously copied into the common law record by the clerk and have been abstracted as a part of that record. This case has not been properly abstracted. A more serious fault, however, is that counsel for the plaintiff in error wholly failed to abstract that part of the common law record which shows that the grand jurors, the foreman and the bailiff were duly sworn, and that a new trial was ordered when a juror was withdrawn, on motion of plaintiff in error, at the close of his second trial.

Plaintiff in error contends that the minutes and record of the clerk of the circuit court of Sangamon county fail

to show that the grand jury, the foreman and bailiff of the grand jury were sworn, as the law provides. While the abstract prepared by plaintiff in error does fail to show this, the additional abstract filed by defendant in error, and the record itself, show that the foreman, bailiff and grand jury were duly sworn according to law. This question was decided adversely to the contention of the plaintiff in error in *People* v. *Dear*, 286 Ill. 142, at page 149, where we said: "It is essential to the validity of a record of a criminal case to show that the grand jury was sworn. The record shows that, the panel of grand jurors being filled, the court appointed Walter H. Raymer foreman, and that the grand jurors were duly sworn and charged by the court. The record sufficiently shows a compliance with the statute in organizing a grand jury when it recites that the grand jury was called, empaneled and a foreman appointed. (*Williams* v. *People*, 54 Ill. 422.) The presumption must be indulged from the recital that the grand jurors were duly sworn, that they were sworn according to law—that is, that the foreman was first sworn and that the other grand jurors were then sworn to keep and observe the same oath."

Plaintiff in error filed a motion to dismiss, which he calls a plea of former jeopardy. In the abstract it appears with matters which are properly parts of the common law record, but it is contained both in the common law record and in the bill of exceptions. It should have been abstracted with those matters which are parts of the bill of exceptions. A plea of former jeopardy is not proper, since this could be proved under a plea of not guilty. (*People* v. *Simos*, 345 Ill. 226, at p. 230.) This motion was overruled, and the court's action in overruling the motion is assigned as error. The facts were, that when the jury brought in a verdict of guilty at the second trial the court asked whether the defendant desired to poll the jury. Counsel for the plaintiff in error stated to the court

that he had heard that one of the jurors was under the age of twenty-one years. By leave of court counsel asked if any member of the jury was under that age, and juror Hugh Gallagher said he was only twenty years old, although he had stated on his *voir dire* examination that he was twenty-four years of age. The defendant then moved that this juror be withdrawn and a mis-trial be declared. The court took the motion under advisement until next day, when the motion was allowed, the juror was withdrawn and a new trial was ordered. As we view this case, only a question of law was involved, and the trial court's action in overruling the motion was correct. Had the proof been offered it would not have been proper or sufficient to show former jeopardy. We said in *People* v. *Simos, supra,* at page 230: "Counsel for plaintiffs in error argues that since a defendant is not required to file a plea of former jeopardy but may make proof of such former jeopardy under a plea of not guilty it was competent to prove what occurred before Judge Taylor, so that the jury before Judge Sullivan might decide whether there had been former jeopardy. Under the condition of this record former jeopardy was purely a question of law. Under the defenses of *autrefois acquit, autrefois convict* and former jeopardy, where a question of identity of the crime or identity of the defendant exists it is proper to submit to the jury such questions as matters of fact. [Citing *Hankins* v. *People,* 106 Ill. 628, and other cases.] Here, however, there is no question of the identity of the crime or of the parties. Whether the proceedings before Judge Taylor showed former jeopardy is a question of law. No question of fact is involved. Questions of law in criminal cases are for the court and not for the jury. (*People* v. *Bruner,* 343 Ill. 146.) There was therefore in this case no question of former jeopardy to go to the jury. Counsel for plaintiffs in error argues that where a record shows that the defendant was put upon trial and

the jury was sworn to try the cause, the subsequent discharge of the jury before verdict entitles the defendant to be discharged unless the record also shows a lawful reason for such discharge of the jury. This is not the rule. It has long been recognized by this court and elsewhere that a court of justice is invested with the authority to discharge a jury from giving any verdict whenever in the court's opinion there is manifest necessity for such act or the ends of public justice would otherwise be defeated, and that such is within the discretion of the trial court and is not subject to review in the absence of abuse of discretion. [Citing *People* v. *Peplos,* 340 Ill. 27, and other cases.] The fact that a juror was withdrawn and a mis-trial declared is not of itself sufficient to indicate jeopardy, since a court of review will not presume an abuse of discretion on the part of the trial court. Therefore the proof offered by plaintiffs in error before Judge Sullivan was not sufficient to show former jeopardy had such proof been made, and for that further reason it was not error to deny the offer."

Plaintiff in error contends that the trial court erred in overruling his motion to suppress the evidence obtained when plaintiff in error was arrested. On November 26, 1930, (the day of the arrest,) a bank had been robbed at Kincaid and the arresting officers had gone out from Springfield and were waiting on an intersecting road, when plaintiff in error and two other men who had robbed the bank at Rochester that same morning came along in a Ford sedan followed by a Buick. Both cars were being driven at a high rate of speed. The driver of the Buick motioned to the officers and pointed at the Ford. The officers followed the Ford and after it reached Springfield halted it and arrested the three occupants. These officers knew nothing of the Rochester bank robbery. They were told that the Kincaid robbers were in a Ford with a rumble seat and in a Buick with a missing front license plate. A

crime had been committed at Kincaid and they were trying to apprehend the robbers. They made a mistake and got the wrong set of criminals so far as that bank robbery was concerned. The fact that this was a Ford sedan, to which they might have changed from a Ford with a rumble seat, and that the Buick was the wrong Buick, did not keep the officers from having reasonable grounds to believe, under the circumstances, that the plaintiff in error and his companions had committed the Kincaid bank robbery. Where a felony has been committed, an officer making an arrest who has reasonable grounds to believe that the accused was implicated in the felony has a right to arrest him without a warrant and search his person and the automobile in which he is found, without a search warrant. *People* v. *Reid,* 336 Ill. 421, at p. 426.

No objection was made to the testimony of the officers. The objection was only to the admission in evidence of the exhibits. In *People* v. *Reid, supra,* at page 426, we said: "The plaintiff in error was clearly proved guilty. * * * In addition, the testimony as to plaintiff in error's evasion and falsehood concerning his identity when the officers appeared at his house, and the possession of the stolen property, all go to make a strong case against him; and even though it be conceded that the constitutional rights of plaintiff in error were violated in searching his premises without a search warrant, the only error arising therefrom lies in admission of the articles themselves in evidence. As no objection was raised to the testimony of the witnesses concerning such search and seizure no question of error arises on their testimony, and it can not be said that the mere introduction of these articles in evidence was an error which could have in any way affected the verdict."

For the reasons indicated the judgment of the trial court is affirmed.

*Judgment affirmed.*