582

(No. 32213.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. MAURICE ALLEN, Plaintiff in Error.

*Opinion filed March 20, 1952.*

MAURICE ALLEN, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Maurice Allen, plaintiff in error, prosecutes this writ of error to the criminal court of Cook County, to review a judgment of conviction and sentence entered on December 2, 1938.

Upon stipulation of testimony between his counsel and the State's Attorney, Allen was found guilty of larceny. The indictment under which he was found guilty charged robbery in its single count. The court sentenced him on

its findings and judgment to the Illinois State Penitentiary for a term of not less than one year nor more than ten years. The plaintiff in error entered the penitentiary at Stateville on December 28, 1938, and was discharged on March 27, 1945, after serving the maximum term, less time off for good behavior.

Although the plaintiff in error assigns numerous errors to the trial court, he argues only that he was denied due process and equal protection of the laws in violation of the State and Federal constitutions. The only grounds upon which he bases this assertion are that he was denied his constitutional right to appear and defend in person and to meet the witnesses face to face. (Const. Ill., sec. 9, art. II.) He claims these constitutional rights were violated because the record fails to show that he was present in open court during the entire trial, and fails to show that he was present when his attorney stipulated to the testimony of certain witnesses. All other assigned errors are waived since they are nowhere argued by plaintiff in error. *Creighton* v. *Elgin*, 395 Ill. 87.

The common-law record presented to this court positively shows Allen to have been before the trial court at the time of the commencement of the trial, at the entry of judgment, and at the pronouncing of sentence. The record does not show positively that the plaintiff in error was not present in court during the conduct of the trial, nor that he was not present when his attorney stipulated to the testimony. One who seeks a reversal of a judgment of conviction has the burden of showing that the proceedings of the trial court were illegal, as every reasonable intendment not negatived by the record will be indulged in to support the judgment. (*People* v. *Pulliam*, 352 Ill. 318.) No objection or exception is here made to any action of the trial court as evidenced by the record. Hence, there is nothing before us that would necessitate a reversal of this case. No bill of exceptions has been here filed as

584

evidencing any of the errors argued, nor could one now be filed under Rule 70-A of this court.

The failure of the plaintiff in error to affirmatively point out to this court wherein his constitutional rights were denied, other than by mere allegation, precludes a consideration of the errors urged. It is, therefore, the duty of this court to affirm the judgment of the criminal court of Cook County.

*Judgment affirmed.*