(No. 34898.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE ABRAMS, Plaintiff in Error.

*Opinion filed November 26, 1958.*

WILLIE ABRAMS, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and
BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago,
(FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY,
and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Willie Abrams and James Collins were indicted by the
grand jury of Cook County for the armed robbery of one
Eddie Lee. After waiving their right to a trial by jury,
they were tried by the court and found guilty. Abrams was
sentenced to the penitentiary for a term of not less than
two nor more than ten years. He obtained a bill of excep-
tions under our Rule 65—1 and brings this writ of error
to review the record.

Defendant, Willie Abrams, was arrested by police offi-
cers at his home at about 6 A.M. on September 20, 1955.
He was taken to the police station where, at about 2 P.M.
on the same day, he was interrogated by police officers.
During the course of this interrogation, which is not shown
to have been improperly conducted, he admitted participa-
tion in a robbery on August 28, 1955, of a group of men
who had been gambling in a garage at 8950 or 8951 Mack-
inaw Street in South Chicago. He admitted that he got
about $300 from the robbery and named James Collins, his
codefendant, as one of the accomplices in the robbery.

Collins was arrested the following day. As a result of these admissions, the police officers searched their records but found no report of such robbery. They investigated and learned that about 12:45 A.M. on August 28, 1955, three armed men entered the garage at the address mentioned by defendant, where an open dice game had been in progress during most of the day. There were about 15 men in the garage at that time. The three armed men prominently displayed pistols, announced that it was a stick-up, and proceeded to relieve them of their possessions, including $64 from one Eddie Lee, later named in the indictment as the person robbed. Subsequent to this investigation three of the men who were robbed were taken to the police station where, out of a lineup of seven men, they identified the defendant as one of the men who had robbed them. They similarly identified Abrams' codefendant, James Collins. As a result of the investigation and disclosure of the facts substantially as related above, Abrams and Collins were indicted, tried, found guilty and sentenced.

Defendant's appellate brief contains 25 assignments of error of a general nature, most of which are substantially contained in the six principal contentions argued under that section of his brief entitled, "Points and Authorities." Consistent with the rule of this court, such assignments of error not argued by the defendant are deemed to be waived. *People* v. *Allen,* 411 Ill. 582; *Creighton* v. *Elgin,* 395 Ill. 87; *Lund* v. *Horner,* 375 Ill. 303.

Defendant first contends that the failure of the trial judge to grant a hearing of his motion to suppress evidence constitutes reversible error. He asserts that police officers entered his home without a warrant, unlawfully searched his home and auto and, after taking three revolvers, then placed him under arrest. He argues that the illegal search, seizures and arrest violated his constitutional rights under section 6 of article II of the Illinois constitution. His assertions are not supported by the evidence.

Prior to defendant's trial, his counsel presented a written motion to suppress items of evidence, namely revolvers taken from his home and automobile, obtained by the alleged unlawful search and seizure. This motion was taken under advisement by the trial judge. Since there was no attempt to introduce any of the items sought to be suppressed into evidence, we find no support for his assertion that his constitutional rights were violated by the court's failure to pass upon the motion.

With reference to his assertion that he was illegally arrested, we find that the nature of the charges for which he was arrested is not fully disclosed. The record does show that he was arrested in connection with matters other than the crime for which he was convicted. The arresting officers testified that their records showed no report of any such crime. The truth of their statement is borne out by the identifying witnesses who stated that they did not notify the police of the robbery, an understandable fact when one considers the reluctance of those robbed to admit participation in an all-day dice game. Without affirmative evidence to the contrary, Abrams' initial arrest had no bearing on his subsequent detention for the armed robbery which he himself called to the attention of the police and which was verified by subsequent investigation. Neither does it detract from the fact that he subsequently had a fair trial. Cf. *People* v. *Kelly,* 404 Ill. 281.

Defendant next asserts that he was deprived of a fair trial by the admission into evidence of statements tricked from him by police officers, in secret, and without permitting him benefit of counsel, thereby denying him his right of due process of law. Here again his assertions are not supported by the record. His statements to the police officers were uttered voluntarily and without coercion, or duress. There is no evidence of any sustained interrogation nor any evidence to indicate otherwise but that he offered the information in response to questions concern-

182

ing his activities generally. When Abrams was identified in the police lineup he again voluntarily admitted participation in the robbery.

Defendant further contends that the trial judge admitted prejudicial evidence against him; that the prosecuting attorney, the trial judge, and his court-appointed counsel suppressed and concealed evidence and witnesses favorable to his defense; and that the trial judge convicted him on incompetent evidence. These contentions are unsupported by anything in the record which includes a bill of exceptions. It is incumbent upon the defendant, as the party seeking reversal of the judgment, to point out the proceedings in the trial court which he claims were illegal. *People v. Pulliam,* 352 Ill. 318; *People v. Gerke,* 332 Ill. 583; *People v. Allen,* 411 Ill. 582.

A review of the record including the seven pretrial motions filed in his behalf, the able presentation by his attorney and his post-trial motions for new trial and in arrest of judgment, contradict his unsupported assertions that he was unfairly tried and convicted. He was positively identified by each of the three men who was robbed. He did not testify. The testimony of his wife, who attempted to establish an alibi, was unconvincing.

We conclude that the defendant was given a fair and impartial trial, and affirm the judgment of the criminal court of Cook County.

*Judgment affirmed.*