People of the State of Illinois, Plaintiff-Appellee, v. William J. Horton, Defendant-Appellant.

Gen. No. 51,934.

First District, Third Division.

December 11, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Professor James R. Thompson, Northwestern University School of Law, Theodore A. Gottfried, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, and Francis X. Riley, Special Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

After a trial without a jury, the defendant, William Horton, was found guilty of theft and was sentenced to two to three years in the penitentiary. His contention on appeal is that he was denied effective assistance of counsel at his trial.

On April 21, 1966, Laurence Allen parked his automobile, which had been leased from the Hertz Corporation, at a Chicago restaurant. When he left the restaurant he discovered his car was missing and he reported the theft to the police. The automobile was valued at $2,400.

About midnight on May 17, 1966, two Chicago police officers stopped an automobile for driving with bright headlights. The driver of the car was William Horton. During the ensuing conversation between Horton and the officers, papers were discovered in the glove compartment which identified the car as leased by the Hertz Corporation to Laurence Allen. An officer testified that he questioned Horton about these papers and that he first stated that he owned the car but later said that he had borrowed it from a friend named Ronald Allen who lived at 5742 South State Street, Chicago. The car's li-

cense number was among those on a list of stolen automobiles and Horton was taken into custody.

Shortly thereafter an officer went to the State Street address given by Horton. This search and a subsequent investigation proved unsuccessful in locating anyone by the name of Allen at that address.

Horton testified that on the night of May 17th he had overslept and because he was late for work he walked across the street to a tavern and borrowed the car from William Stewart, who was also known as Ronald Allen. He said that he was driving to work when he was stopped by the police officers; that he informed them that he had to use the bright lights because the regular right, front headlight was not working, and that he had not fixed it because the car belonged to a friend. According to Horton, one of the officers searched his car and after the search asked him for the name of the friend who had loaned him the car. He responded that the friend's name was William Stewart but that he was also known as Ronald Allen. He further testified that he informed the police that he knew nothing about the contents of the glove compartment. He denied knowing that the car had been stolen.

It appears from the record that Horton had been in custody 118 days before he was arraigned and that at his arraignment the State demanded an immediate trial so as to prevent his discharge under the Four Term Act (Ill Rev Stats 1965, c 38, par 103–5). Horton's privately retained attorney did not request a continuance or additional time to prepare his case and the cause went to trial on the 119th day of the defendant's incarceration.

The defendant contends that he was denied effective representation by his attorney because the attorney did not: (1) request a pretrial hearing to suppress evidence; (2) did not move to exclude witnesses; (3) did not request police reports or grand jury testimony for the pos-

sible impeachment of the State's witnesses and (4) did not make other motions which the defendant's appellate counsel characterizes as "routine."

■ When an accused is represented by counsel of his own choosing, his conviction will not be reversed for incompetency of counsel unless it can be said that the representation was of such low caliber as to amount to no representation at all or that it was such as to reduce the trial to a farce. People v. Strader, 23 Ill2d 13, 177 NE2d 126 (1968) ; People v. McCoy, 80 Ill App2d 257, 225 NE 2d 123 (1967). In rejecting a defendant's contention that his retained counsel was incompetent as evidenced by a series of omissions at trial, the court in People v. Underhill, 38 Ill2d 245, 254, 230 NE2d 837 (1967) said:

> "However, in this case the defendant is represented by counsel of his own choice and 'the court has held, almost without exception, that the failure of such counsel to exercise care and skill in the trial of the case does not afford a basis for reversing a judgment of conviction.' (People v. Morris, 3 Ill2d 437, 444.)"

■ Horton's primary contention is that his attorney was incompetent in not moving to suppress the papers found in the car's glove compartment. He maintains that these papers were illegally seized and were inadmissible at the trial. Although the defendant is correct in stating that an arrest for a traffic violation does not automatically justify a search of the driver or the vehicle (People v. Reed, 37 Ill2d 91, 227 NE2d 69 (1967) ; People v. Watkins, 19 Ill2d 11, 166 NE2d 433 (1960)), an examination of the record does not justify the conclusion that the search was so patently illegal that a motion to suppress would have been allowed had it been made. It is only by accepting as true the defendant's testimony about the

search, that a case can be made out for its illegality. The trial court rejected Horton's testimony that he borrowed the car from a friend; there is no reason to believe that the court would have accepted his testimony in reference to the search.

The testimony of the police officer does not reveal whether the defendant consented to the opening of the glove compartment, whether he opened it himself or whether the officer opened it. The ambiguities surrounding the identification papers are reflected in the following portion of the officer's testimony:

Q. "Did he [the defendant] show you any identification of the car, Officer?"

A. "No, he didn't. He said the identification for the car was in the glove comparment."

Q. "And did he pull it out or did you look at it, Officer?"

A. "I looked at it at a later time."

■■ The defendant's trial counsel may have had knowledge of facts surrounding the arrest and search that do not appear in the record and which would have made a pretrial motion to suppress futile. The failure of retained counsel to move to suppress illegally seized evidence does not of itself constitute incompetency so as to warrant reversal. People v. Washington, 41 Ill2d 16, 241 NE2d 425 (1968); People v. Green, 36 Ill2d 349, 223 NE2d 101 (1967). Even more so then, an unclear record relative to the probable cause for the search, such as we have in this case, would not warrant a reversal on the ground of incompetency of counsel.

■ The other asserted omissions of defense counsel prior to and during the trial do not evidence his incompetency. None of these omissions standing alone or even when viewed together prompt the conclusion that the at-

torney's representation was of such a caliber that the trial was reduced to a farce or amounted to no representation at all. Horton's entire defense rested upon the credibility of his assertion that he had innocently borrowed the car from a friend whose whereabouts were never discovered. For this reason, little significance can be placed upon the attorney's not requesting material for possible impeachment, or upon his not excluding witnesses or upon the other omissions cited by the defendant.

Nor can it be said that the attorney revealed an "apparent lack of knowledge of basic criminal procedures" as was the case in People v. DeSimone, 9 Ill2d 522, 138 NE2d 556 (1956). His calculated inactivity during the defendant's custody and his refusal to ask for a continuance on the 118th day, reveal an understanding of the discharge provisions of the Four Term Act. At the close of the State's case, he moved to quash the indictment on the ground that the date in the indictment did not conform to the proof at trial; he moved for dismissal on the ground that the prosecution had not established its case beyond a reasonable doubt; he produced testimony at the hearing in mitigation and aggravation and succeeded, despite the State's request for a sentence of four to seven years, in having the court impose a sentence of two to three years on a defendant who had been convicted of two prior felonies.

The judgment of the Circuit Court is affirmed.

Affirmed.

SCHWARTZ and McNAMARA, JJ., concur.