(No. 41920.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ROBERT HARRIS, Appellant.

*Opinion filed October 7, 1970.*

DALE L. SCHLAFER, of Chicago, appointed by the court,
for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield,
and EDWARD V. HANRAHAN, State's Attorney, of Chicago,
(JAMES B. ZAGEL, Assistant Attorney General, and ROBERT
A. NOVELLE and ARTHUR L. BELKIND, Assistant State's
Attorneys, of counsel,) for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

The appellant, Robert Harris, was indicted by a Cook
County grand jury for the offense of armed robbery, al-
legedly committed on February 22, 1968. The indictment
stated that the defendant "by the use of force, and while
armed with a dangerous weapon, took one hundred fifty

dollars in United States currency from the person and presence of John Doyle, in violation of Chapter 38, Section 18—2 of the Illinois Revised Statutes 1967 * * *."

Three persons were indicted. This appeal involves only one of them, herein referred to as appellant. Only the appellant demanded a jury trial, but all three defendants were tried together (two by the judge and the appellant by the jury). All three were represented by the same public defender. The appellant was found guilty by the jury and was sentenced to a term of not less than six nor more than ten years. One of the other defendants was found not guilty and a third defendant was found guilty.

This is an appeal to this court, since constitutional questions are raised. The only witness to identify appellant Harris was John R. Doyle, a drug store clerk. The issues presented are as follows:

(1) Whether the in-court identification of appellant was admissible.

(2) Whether there was a fatal variance between the indictment and the proof.

(3) Whether the trial court properly refused to allow the appellant to exhibit to the jury his lack of teeth on one side of his mouth without waiving his privilege against self-incrimination.

(4) Whether the trial court committed error in admitting proof of other crimes to the jury.

John Doyle testified that he was employed at Van's Drug Store, and that at about 10:20 A.M. appellant Robert Harris came into the store and was looking around. A few minutes later one of the other defendants (Freddie Mae Davis) came in and asked for some iron pills. As Doyle turned to go to the back of the store to get them, appellant Robert Harris cut in front of him, holding a revolver. Doyle looked toward Freddie Mae Davis and saw that she was also holding a revolver. However, a second girl, who

was at the front of the store, apparently did not have a gun. Doyle stated that he noticed nothing unusual about appellant Harris, and that he did not look at his teeth, although he observed that he had a mustache. The woman with one of the guns gestured toward the cash register and told Doyle to open it, which he did. She reached in and took the currency out.

Then appellant Harris, who was still behind the counter, said to Doyle, "Come here" and ordered Doyle to go in the back and open the safe, which Doyle did. Doyle opened the outer and inner doors of the safe and stepped back and appellant opened the drawers and took the money out of the safe and then asked Doyle for the cocaine. Doyle told him there was no cocaine, and appellant rooted through the drawer and picked up one bottle containing a narcotic drug. Appellant then told Doyle to sit on the floor together with the other clerk in the store as well as an older lady customer who had come into the store. Appellant Harris took $135 in bills and a quantity of rolled coins from the safe. Doyle in court described the man as Negro, 5'10" or 5'11", weighing 165 or 170 pounds. Appellant was in the store for 15 minutes. Doyle got a good look at the appellant when he was standing at the counter but did not look at his teeth. He was only four feet from Doyle, and Doyle observed appellant for about one minute. Appellant was not wearing anything to conceal his identity and the lighting conditions were good, being supplied by fluorescent lights in the store.

Two police officers were patrolling in the area in a marked police car when they were passed by a car traveling at about 30 to 40 miles per hour in a 15 mile-per-hour zone. They chased the car which matched a description that had earlier been given them, and it finally went off the road and ran into a tree. One officer saw appellant Harris take a gun from his coat pocket and put it in the pocketbook of the girl

sitting in the middle of the front seat. The officers got that pistol and another pistol out of the pocketbook of the other girl occupant of the car.

(1) As background information concerning the in-court identification issue, it should be mentioned that *prior* to the trial, there was a motion to suppress identification testimony. The trial court allowed the appellant's motion to suppress the identification which Doyle made at the police station at a line-up of three males and three females, but denied defendant's motion to suppress an in-court identification. At this hearing prior to trial, Doyle testified that he noticed that one of the *female* defendants had one of her teeth "out of the arc," and that he always looks at people's teeth. Doyle also testified that he got a good look at Harris's face, and noticed nothing unusual about it, and did not look at his teeth. At the same hearing, Harris exhibited his mouth to the court, and his attorney noted that he was missing "eight or nine, maybe ten" teeth on one side of his mouth. The State would not stipulate to that.

A great deal of time was spent in appellant's brief in pointing out that the pretrial identification procedures used by the police in the line-up were unfair, suggestive, and improper. The trial court suppressed the identification made at the police station, so we must examine whether the in-court identification was based on observations independent of, and not influenced by, any improper identification procedure.

Doyle's in-court identification had an origin completely independent of the pretrial identification at the police station. It must be remembered that appellant was in the store for approximately 15 minutes, the lighting was good, and Doyle testified that the appellant had a revolver in his hand and was as close as four feet to him. When appellant came up to the counter and cut in front of Doyle, Doyle got a good look at his face and observed him at that

time for about one minute. The in-court identification was properly admitted into evidence.

(2) The appellant argues that the indictment requires proof of the use of force, and that use of force is lacking here. This argument we consider frivolous and without merit under the circumstances of this case.

(3) As to appellant's argument that he should have been permitted to exhibit his teeth to the jury in a certain manner, without waiving his fifth-amendment privilege against self-incrimination, we find no merit in this argument.

(4) Finally, defendant argues that certain testimony by the officers and a rebuttal witness was elicited to prejudice his case by calling attention to proof of other crimes. Counsel for defendant brought out these statements on cross-examination, while the State asked no questions regarding the stolen car.

While ordinarily evidence of separate offenses unconnected with the crime for which a defendant is on trial is incompetent, evidence of other offenses may be introduced if it tends to identify the accused as the person who committed the crime under investigation and to disprove an alibi. *People* v. *Mikka,* 7 Ill.2d 454, 461; *People* v. *Walker,* 34 Ill.2d 23, 29; *People* v. *Tranowski,* 20 Ill.2d 11.

The judgment of the circuit court of Cook County is hereby affirmed.

*Judgment affirmed.*