THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD PARMLEY, Defendant-Appellant.

(No. 73-224; )

Fifth District—February 28, 1974.

G. MORAN, J., took no part.

Leon G. Scroggins, of Kinder, Scroggins & Kinder, of Granite City, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (James W. Jerz and Martin P. Moltz, of Model District State's Attorneys Office, of counsel), for the People.

PER CURIAM:

A jury found the defendant guilty of the offense of attempted murder, and a sentence of from 1 to 5 years was imposed.

The defendant claims that testimony of two prosecution witnesses contained inadmissible evidence which was sufficiently prejudicial to deprive the defendant of a fair trial. Roxanne Lyons, the defendant's ex girl friend, gave the following testimony about a conversation she had with the defendant on the date of the alleged offense:

"Q. Okay. And what was the nature of your conversation, or what exactly was said?

A. Well he came in there and wanted to get back together again, and I told him no way, that after my car was blown up, which I couldn't prove that he did it—"

Defense counsel immediately objected to the answer and moved that it

be stricken and the jury instructed to disregard it. The trial judge replied:

"All right. That'll be sustained, and the jury is instructed to disregard all the remarks pertaining to the bombing of the automobile, and anything pertaining thereafter."

Irma Voght, the mother of Roxanne Lyons, was questioned by the State's Attorney concerning the identification of the defendant's car as follows:

"Q. What occasioned you to know the license number?

A. Well, sir, lately I had thought that maybe I'd need it, and I did need it. I memorized his license plate.

Q. Why did you do that?

A. Why did I do it? I guess I realized something was going to take place, because we'd been threatened several times."

Defense counsel then moved for a mistrial because witness had indicated that the defendant had threatened her and her daughter in the past. The court denied the motion for a mistrial, but, as then requested by defense counsel, instructed the jury to disregard any comment "with regard to threats."

The defendant contends that the jury had been so impressed with bombings and threats that he could not receive a fair trial. The defendant further asserts that the judge, in instructing the jury to disregard the evidence, merely emphasized the objectionable testimony.

■■■ The general rule is that evidence of separate offenses unconnected with the crime for which the defendant is charged is incompetent. (*People v. Harris*, 46 Ill.2d 395, 263 N.E.2d 35.) Assuming that this testimony of Roxanne Lyons and Irma Voght was incompetent, we find that no reversible error exists because, (1) the court instructed the jury to disregard the testimony in question, (2) it does not appear that the State purposely elicited the testimony, and (3) the evidence was so overwhelmingly against the defendant that if error existed, it was harmless. The defendant, in fact, failed to present even one witness to contradict the very substantial prosecution testimony. There appears to be no merit to the defendant's claim that the trial judge merely emphasized the allegedly objectionable testimony by instructing the jury to disregard it.

For the foregoing reasons the defendant's conviction is affirmed.

Judgment affirmed.

Mr. JUSTICE G. MORAN took no part in the consideration or decision of this case.