THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DENNIS HAWKINS, Defendant-Appellant.

(No. 59896;

First District (5th Division)—October 11, 1974.

James J. Doherty, Public Defender, of Chicago (Saul H. Brauner, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Jerome Charles Randolph, Assistant State's Attorneys, of counsel, and Susan Vitullo Walters, Senior Law Student), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

After a bench trial defendant was found guilty of the armed robbery of Dorothy Mae Carter and was sentenced to a term of not less than 8 nor more than 16 years. On appeal his sole contention is that he was denied effective assistance of counsel.

On April 28, 1972, at approximately 8 P.M., complainant was robbed at gun point of her purse and radio by two men as she was walking near her home at 6517 South Harvard Avenue. The street lights which were on although it was not yet dark afforded her a view of defendant's face for a couple of minutes. She reported the incident to the police that night.

On the evening of April 29, 1972, Chicago Police Investigators Paul Praski and Thomas Morley arrested defendant in connection with an unrelated robbery as he was walking with a companion in the vicinity of 65th Street and Harvard Avenue. Coincidentally, complainant was walking with her nephew on Harvard Avenue at the time of the arrest and recognized defendant. She did not approach the investigators, who were in civilian clothes, because she was unaware that they were police officers effectuating an arrest. She did, however, return home and called the police to report sighting her assailant.

Later that night she was taken to the police station where defendant was being held on the unrelated charge.[1] She identified defendant in the lineup of six men.

Defendant testifying in his own behalf denied the charge of armed robbery and offered an alibi. He further testified that complainant at

---

[1] Following the entry of sentence in the instant case, defendant pled guilty to armed robbery in an unrelated indictment and was sentenced to 8 to 16 years to run concurrently with the sentence imposed here. The record does not make clear whether that charge and subsequent conviction related to this arrest.

first shook her head no at the lineup, but after conferring with the police officer present she made the identification.

OPINION

Defendant contends that he was denied his constitutional right to effective assistance of counsel and he cites as evidence of incompetency and lack of diligence his counsel's failure to make a motion to quash the arrest, failure to object to the admission of the lineup photographs into evidence and failure to make pretrial motions for discovery and a list of witnesses. Defendant admits that he retained his counsel, but argues that a determination of adequate representation based on the distinction of whether counsel was court appointed or privately retained is a denial of equal protection of the law.

■■■ It is true that Illinois decisions have in the past reviewed a defendant's claim of ineffective assistance of counsel by utilizing separate and distinct tests based on whether counsel was privately retained or court appointed. (*People v. Morris*, 3 Ill.2d 437, 121 N.E.2d 810.) However, recently, and in our view properly, it has been held that the constitutional right to a fair trial may not be subject to such an artificial distinction; that while no test can be formulated which will, in advance of close scrutiny of the trial record, furnish a definitive checklist of what is needed to sustain a defendant's assertion of ineffective assistance of counsel, the requisite standard is the same in both instances—the incompetency of trial counsel must not be of such character as to reduce the trial to a farce. See *People v. Long*, 12 Ill.App 3d 974, 298 N.E.2d 784; *People v. Ortiz*, 22 Ill.App.3d 788, 317 N.E.2d 763.

■■ Turning to defendant's particular claims, it is first argued that his counsel should have made a motion to quash the arrest since there was insufficient evidence to warrant it and no evidence of an arrest warrant. The record does not support this contention. The record indicates only that Investigators Praski and Morley were investigating a prior, unrelated robbery of an individual on the street and that they had been informed the previous day that an accusation had been made against defendant. Without evidence in the record to the contrary, it appears that there was probable cause for defendant's arrest without a warrant. (Ill. Rev. Stat. 1971, ch. 38, par. 107—2(c); *People v. Wrona*, 7 Ill.App.3d 1, 286 N.E.2d 370; *People v. Taylor*, 6 Ill.App.3d 343, 285 N.E.2d 489.) Under such circumstances, his subsequent detention for the armed robbery charge in the instant case was proper. (*People v. Abrams*, 15 Ill.2d 178, 154 N.E.2d 240; *People v. Brown*, 354 Ill. 480, 188 N.E. 529.) A motion to quash the arrest would therefore have been without merit.

The gist of defendant's next argument is that his counsel was incompetent for failing to object to the in-court and out-of-court identification

procedures. It is asserted that the lineup at the police station, as exhibited by a photograph introduced into evidence, was suggestive and therefore led to a constitutionally inadmissible identification under the Wade-Gilbert-Stovall doctrine.[2]

The evidence in the record disputes this contention. The six participants in the lineup were all Negroes, and with one exception, approximately the same height, build and skin tone. All six individuals wore their hair short and three of those had mustaches. We find the composition of the lineup fundamentally fair.

■■ Moreover, there is no violation of due process where the in-court identification has an origin independent of the pretrial lineup. (*People v. Harris*, 46 Ill.2d 395, 263 N.E.2d 35.) In the instant case, the complainant viewed defendant's face in the light of a street lamp for a couple of minutes during the robbery. The following evening she recognized him as he stood on the street with the police investigators. Such observations provide an ample basis for the in-court identification, independent of the pretrial lineup.

Finally, it is argued that defense counsel's failure to make pretrial motions for discovery and a list of witnesses evidence a lack of diligence. Defendant asserts that the lack of defense counsel's preparation denied him effective assistance of counsel.

■■ The record discloses that defendant's attorney conducted a thorough cross-examination of the State's witnesses and introduced testimony by defendant which if believed, would have required defendant's acquittal. Defendant's entire defense rested upon the credibility of his alibi testimony in comparison with complainant's in-court identification of him as her assailant. For this reason, little significance can be placed on his attorney's failure to file discovery motions. (*People v. Horton*, 117 Ill.App.2d 465, 254 N.E.2d 666.) Moreover, the indictment returned by the grand jury listed the State's witnesses and the record does not reflect that their testimony at trial came as a surprise to defendant or his counsel. It cannot be said that defendant's attorney was unprepared to the substantial prejudice of defendant. See *People v. Travis*, 10 Ill.App.3d 714, 295 N.E.2d 325.

We conclude that defendant was not denied his constitutional right to effective assistance of counsel and affirm the conviction.

Affirmed.

SULLIVAN, P. J., and BARRETT, J., concur.

---

[2] *United States v. Wade*, 388 U.S. 218, 18 L.Ed.2d 1149, 87 S.Ct. 1926; *Gilbert v. California*, 388 U.S. 263, 18 L.Ed.2d 1178, 87 S.Ct. 1951; *Stovall v. Denno*, 388 U.S. 293, 18 L.Ed.2d 1199, 87 S.Ct. 1967.