732

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD A. BROWN, Defendant-Appellant.

(No. 59431;

First District (4th Division)—July 9, 1975.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart and Ira Churgin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant, Ronald A. Brown, was found guilty of murder following a bench trial in the Circuit Court of Cook County and was sentenced

to a term of 20 to 40 years in the Illinois State Penitentiary. He appeals to this court claiming that:

1. He did not receive a fair trial due to ineffective assistance of his privately retained counsel; and
2. The sentence imposed by the court was excessive.

■■ The standard upon which the effectiveness of a privately retained trial counsel is judged is whether or not the record reflects representation of such a caliber that it amounted to no representation at all or reduced the trial to a farce or sham. (*People v. Heirens*, 4 Ill.2d 131, 122 N.E.2d 231.) A different standard is used when considering whether or not court appointed counsel has provided a defendant with adequate representation; it must be evident from the record that there was actual incompetence of counsel in carrying out his duties at trial and substantial prejudice to defendant as a result of this which adversely affected the outcome of the trial. (*People v. Logue*, 45 Ill.2d 170, 172, 258 N.E.2d 323.) This dichotomy is recognized by defendant, but he claims that it amounts to a denial of equal protection of the law, and we are urged to accept a single standard by which to determine whether a defendant was given adequate assistant of counsel. Defendant in his brief concedes that representation of his privately retained counsel in the instant case was not of such low caliber that his trial was reduced to a farce, though he does argue that it was of such caliber that it made a finding of not guilty almost impossible.

In *People v. Hawkins*, 23 Ill.App.3d 758, 319 N.E.2d 90, the use of separate and distinct tests based upon whether counsel was privately retained or court appointed was rejected as an artificial distinction which could not be used to denigrate defendant's constitutional right to a fair trial. The court stated that the standard in both instances must be the same—the representation must not have been of such character that the trial was reduced to a farce. (23 Ill.App.3d 758, 760.) If this standard is to be adopted in the instant case, defendant's claim that he was denied effective assistance of counsel would be without merit by his own admission, as noted above.

■■ It is not necessary for this court to select either the single or dual test in the instant case as by *either* standard, defendant did receive effective assistance of counsel. Defendant raises several specific instances wherein he claims the record reflects the incompetency of the trial counsel. The question is not whether the trial was perfect but rather whether defendant received a fair trial. (*People v. Wesley*, 30 Ill.2d 131, 136, 195 N.E.2d 708.) The question of whether defendant received a fair trial must be determined not from isolated instances during the course of that trial, but the entire proceeding must be considered and the determina-

tion made from the totality of the facts and circumstances in a given case. (*People v. De Simone*, 9 Ill.2d 522, 531, 138 N.E.2d 556.) We have carefully considered the entire record in the instant case and find that defendant did receive adequate and effective assistance of counsel at trial.

Defendant maintains that his 20- to 40-year sentence was excessive, and we are asked to reduce this sentence on appeal due to defendant's age and "good background." The imposition of a sentence is a matter normally within the sound discretion of the trial court and will not be altered upon review unless this discretion was abused. (*People v. Bonner*, 37 Ill.2d 553, 229 N.E.2d 527.) We cannot say in the instant case that the trial judge abused his discretion in imposing either the minimum or maximum sentence, and the sentence imposed upon defendant will not be reduced by this court.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.