THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HENRY DAWSON, a/k/a Christopher Rainey, Defendant-Appellant.

Fifth District   No. 76-212

Opinion filed February 16, 1978.

Michael J. Rosborough and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, and Terry Seeberger, research assistant, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (James E. Hinterlong and Linda M. Vodar, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant, Henry Dawson, was convicted of armed robbery after a trial by jury. The only issue on appeal is whether the trial court abused its discretion in failing to grant defendant's motion *in limine* for an order of court that would restrict the State's cross-examination of him if he should take the stand to testify in rebuttal to a portion of the State's evidence. The background of defendant's motion is that one of the victims of the robbery testified that one of the two persons who robbed him was dressed in a black and white striped shirt. A police officer who stopped

the getaway car and arrested two of its three occupants testified that the third occupant who escaped the car and arrest was wearing a black and white striped shirt. The defendant's motion *in limine* was that he be allowed to take the stand and rebut this testimony by stating what when arrested he was wearing a pink shirt without being subjected to a general cross-examination by the State. The motion sought an order that would limit cross-examination by the State to his testimony on direct. The motion was denied.

The entire transcript of the in-chambers hearing on said motion is as follows:

"THE COURT: Make your motion for the record.

MR. HAY: Your Honor, I would like to request the court to enter an order that if the defendant decides to take the witness stand only as a rebuttal witness, and testify as to the type of shirt, the color of shirt, when he was arrested, that it is beyond the scope of cross-examination as to any other issues and that his failure to testify on any other matters could not be used against him in Closing Arguments.

MR. AGUIRRE: Strenuously I object to that if he takes the stand.

THE COURT: The defendant is in a unique position, Mr. Hay. I think when they take the witness stand, they immediately open the door for extensive cross-examination by the prosecution, and if you wanted to limit it to that,—

MR. HAY: I would also—he could be impeached in formal manner in the convictions around—

MR. AGUIRRE: Your Honor, I don't see how there could be any self imposed. This is like a blanket immunity.

THE COURT: Quite frankly, I think it would work to the defendant's disadvantage.

MR. HAY: I would like to make an offer of proof. The defendant would testify that the shirt he was wearing when he was arrested was not a black and white striped shirt but was a pink shirt, mostly pink, blue and pink with some white in it. And this was the same shirt that he wore when he was taken to St. Clair County Jail and the receipt from the St. Clair County Jail shows one pink shirt. That is the only shirt itemized.

THE COURT: Can't you prove that by some other evidence and not risk to put him on? I don't want to dictate.

MR. HAY: He was taken to jail the 10th of September, and we have to show somehow he wasn't given any other shirt to put on.

MR. AGUIRRE: They have done it in other cases. They have showed it by extraneous evidence.

THE COURT: What about the witness who just left the stand? Have you talked to him?

MR. AGUIRRE: Who was that, Your Honor?

MR. HAY: James Morgan.

MR. AGUIRRE: I have let Mr. Morgan go.

MR. HAY: I would rather leave it this way, Your Honor.

THE COURT: Make your full offer.

MR. HAY: That is the extent of it, Your Honor.

THE COURT: All right."

Other relevant facts are as follows: Rodney Maxwell, manager of Hills Brothers Shoe Store, testified that at 2:25 p.m. on September 10, 1975, two armed men, neither of whom he could identify, took $348 from the store. One of the robbers was shorter than five feet nine inches, Mr. Maxwell's height. The other was taller, of thin build, wore a white hat, lady's sunglasses, and a maroon shirt tied around his waist. The taller robber held a .22-caliber long-barreled revolver on Mr. Renkin, the assistant store manager. The shorter robber wore a black and white striped shirt. A bystander told police that the robbers left the scene in a blue Monte Carlo.

Sergeant Robert Cox of the East St. Louis Police Department testified that he stopped an automobile which matched the description of the getaway automobile. A person sitting in the front passenger's seat, who Sergeant Cox identified as defendant, exited the car, turned toward Sergeant Cox, pointed a gun at him, and ran from the scene. This person was described as wearing a black and white shirt. Sergeant Cox obtained a good look at defendant's face while he ran 20 to 30 yards. The passenger in the rear seat was observed pushing a bag underneath the driver's seat and a large .38-caliber gun under the rear seat. A white mesh hat was found in the vehicle. James Morgan, driver of the getaway vehicle, testified that Willie Byrd told him that Morgan could make some money by driving him and defendant, whom Morgan had not previously known. Byrd first stopped at his house where he obtained a white hat and sunglasses. Morgan parked his blue 1969 Cutlass in a Fried Chicken parking lot approximately two blocks from the Hills Brothers Shoe Store. He was unaware that an armed robbery was going to take place or had taken place until he saw the money bag after they had driven away from the parking lot. From the time, Byrd and defendant entered the automobile at the parking lot until the automobile was stopped by Sergeant Cox, no stops were made and no one got in or out of the car. Mr. Morgan had been offered immunity by the State in exchange for his testimony which he declined, because he felt he had done nothing wrong. He denied masterminding the armed robbery.

Detective Lester Anderson of the East St. Louis Police Department

testified that he received the dispatch over the police radio in his squadrol concerning Sergeant Cox's pursuit of the vehicle which was believed involved in the armed robbery of the Hills Brothers Store. The description of the person who had jumped from the vehicle was that he was of medium complexion and wearing a light-dark striped shirt and dark trousers. Detective Anderson observed such a person dive into a station wagon through the rear window. The driver jumped out and tried to signal another passing police car. Then the defendant jumped out of the station wagon and ran. Detective Anderson apprehended defendant as he came through an alley.

■■ ■ No person in a criminal case should be compelled to give evidence against himself. (U.S. Const., amend. V; Ill. Const. 1970, art. 1, §10.) The immunity from giving testimony is one which the defendant may waive by offering himself as a witness. (*Raffel v. United States* (1926), 271 U.S. 494, 70 L. Ed. 1054, 46 S. Ct. 566.) If the defendant takes the witness stand, he assumes the role of a witness and as such becomes subject to cross-examination in the same manner and to the same extent as any other witness. His waiver is not partial; having once cast aside the cloak of immunity, he may not resume it at will, whenever cross-examination may be inconvenient or embarrassing. Therefore, if the questions which the prosecution might have asked on cross-examination would have been logically relevant, and competent within the scope of the rules of cross-examination, the questions would have been proper, unless there would have been a reason or policy in the law of evidence for their exclusion. (*Salerno v. United States* (8th Cir. 1932), 61 F.2d 419; *United States ex rel. Irwin v. Pate* (7th Cir. 1966), 357 F.2d 911.) In *People v. Burris* (1971), 49 Ill. 2d 98, 104, 273 N.E.2d 605, our supreme court stated:

> "The defendant who takes the stand and testifies in his own behalf in a criminal case not only offers himself as a witness in his own behalf but thereby subjects himself to legitimate cross-examination. The extent of cross-examination with respect to an appropriate subject of inquiry rests in the sound discretion of the trial court. It is only in the case of a clear abuse of such discretion resulting in manifest prejudice to the defendant that a court of review will interfere. (*People v. Provo*, 409 Ill. 63; *People v. Nicholls*, 42 Ill. 2d 91.)"

See *People v. Harris* (1970), 46 Ill. 2d 395, 263 N.E.2d 35, in which our supreme court found no merit to defendant's contention that the trial court erred in refusing to allow defendant to exhibit to the jury his lack of teeth on one side of his mouth without waiving his privilege against self-incrimination. Also see *People v. Murdock* (1977), 50 Ill. App. 3d 198.

■■ In the case before us, defendant sought to obtain a ruling as to the

scope of cross-examination prior to the time the trial court had an opportunity to even hear the evidence. We find no error in the trial court's denial of defendant's motion *in limine*.

Affirmed.

EBERSPACHER, P. J., and CARTER, J., concur.