*198
 
 Battle, J.-
 

 Ve are of • opinion that there is but one question presented *by this ease upon which the least doubt can be entertained. The bill of indictment charges that the prisoner committed a burglary by feloniously breaking and entering into the dwelling house of the prosecutor in the night time, with the intent to steal, take,-and carry away bis personal^ chatties; snd the counsel for the prisoner contended on the trial, that the testimony tended to prove ihat tho breaking and entering was with the intent to commit a robbery and not a larceny, and that therefore, there was a fatal variance between the allegation and the proof 'Plie question thus raised is found upon exam ¡nation to he against the prisoner." Robbery and larceny aro both iohmlcs and of the same general kind ; the former bein'; an aggravated species of the latter. Hence upon an indictuH r.t' for a robbery, tho prisoner may, if the facts proved in evidence justify it, be acquitted of the rbbbory and fono,t guilty of tho larceny.
 
 Rex
 
 v
 
 Gnosil 11
 
 Eng. C. L. Rep. 400
 
 Regina
 
 vs
 
 Walls,
 
 61 Eng. C. L. Rep. 214. 2 Russ on crimes 91. This shows that tho charge of commission of larceny is inc’uded in that ofthe commission of a robbery: and it follows that if the charge be of an act done with intent to commit the former offence, it is included in a similar charge with the intent to commit the latter. UN Honor in tho court below was therefore, fully supported by authority when ho said that it made no difference whether the testimony proved that the" burglary was cofmoitied with the intent to commit a robbery or larceny. If it were prove! that the felonious intent were to rob, it, included proof of the intent to steal, and iho'refore it sustained the chat go contained in the indictment.
 

 It must be certified to the Superior Court of law lor tho county of Lie coin that there is no. error in the record to the end that o.mrt may proceed to adjudge according to law.