### STATE v. PRESTON BROWN.

*Indictment, Sufficiency of—Highway Robbery—Joinder of Counts for Higher and Lower Offence.*

1. Since the Act of 1891 (chapter 205, section 2), the joinder in an indictment for an offence of a count for a lesser offence, or for an attempt to commit the same, is mere surplusage.

2. In an indictment for highway robbery the value or description of the article taken, or attempted to be taken, is not material, since the gist of the offence is not the *taking* but a taking by putting in fear or by force.

3. Inasmuch as money is the measure of values, a charge in an indictment of taking "ten dollars in money" is an allegation of taking "the value of ten dollars." (*The Code*, § 1190.)

4. A charge in a bill of indictment for robbery that the defendant "did make an assault" and "put in bodily fear and danger of his life," and "then and there feloniously and violently did seize, take and carry away ten dollars in money from the prosecutor," is an explicit allegation of force. Indeed, the words "feloniously and violently" were of themselves sufficient.

Indictment for highway robbery, tried before *Hoke, J.*, and a jury, at Spring Term, 1893, of EDGECOMBE Superior Court.

The defendant was convicted, and appealed. The facts appear in the opinion.

*The Attorney General*, for the State.

*No counsel*, contra.

CLARK, J.: Upon inspection of the transcript it appearing that, though the "case on appeal" recited that there was a verdict of guilty and judgment, the record proper failed to show that there had been a trial by jury and to set out the sentence of the Court below, this Court *ex mero motu* directed an instanter *certiorari* to supply the defect, which has now been done.

The indictment sets out two counts, one for highway robbery, second for an attempt to commit the same. The ver-

dict found the defendant guilty on the first count. It is therefore unnecessary to consider the exception made to the second count. But had the defendant been convicted of the attempt to commit highway robbery, the first count, if good, would have supported the verdict since the Act of 1891, ch. 205, § 2, which provides: "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein, or of a lesser degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a lesser degree of the same crime." This statute is a copy of that in force in England and in New York and other States. It extends to all crimes the provision which, to a more limited extent, was already in force in this State, by virtue of chapter 34, Acts 1885, and indeed at common law. Wharton Crim. Pl. and Pr. (9th Ed.), 246, 465. The joinder of a count for a lesser offence or an attempt is now mere surplusage.

The objections to the first count raised by motion to quash and renewed after verdict by a motion in arrest of judgment were:

" 1. For that there was no value of the money designated in the bill."

In an indictment for this offence, the value or description of the article taken or attempted to be taken is not material, for the gist of the offence is not the taking, but a taking by putting in fear or by force. *State* v. *Burke*, 73 N. C., 83, citing *Rex* v. *Bingley*, 5 C. & P., 602. But, in fact, the charge of " ten dollars in money " is an allegation of " the value of ten dollars," since money is the measure of values. *McCarty* v. *State*, 127 Ind., 223. Indeed, the description would be sufficient under our statute, even in an indictment for larceny, and would be sustained by proof of the theft of coin or bank or treasury notes. *State* v. *Freeman*, 89 N. C., 469 ; *The Code*, § 1190.

" 2. That the word steal nor any equivalent word is charged in the bill."

It is not necessary that it should be. The indictment is a copy of the form given in Wharton Pr., 410. Among the many definitions given of robbery, probably the best is that by Lord Mansfield : " A felonious taking of property from the person of another by force." *Rex* v. *Donally*, 2 East P. C., 715, 725, or Blackstone's (4 Bl. Com., 242): "The felonious and forcible taking from the person of another of goods or money to any value by violence or putting him in fear." To make it highway robbery it is only necessary further to charge and prove that it was committed " in or near a highway." It is true a defendant acquitted of this offence, because violence or putting in fear is not proved, may be convicted of larceny. *State* v. *Cody*, 60 N. C., 197 ; *State* v. *Halford*, 104 N. C., 874. But the word " steal " is not an indispensable word like " feloniously," either in this or an indictment for larceny. As to either, the words " feloniously did take and carry away " are a sufficient allegation in this respect. The addition of the word " seize," *i. e.*, " feloniously did seize, take and carry away," is a peculiarly appropriate substitute in an indictment for this offence, for the word " steal," which is tautology and a mere repetition of the idea embraced in the words " feloniously take and carry away."

" 3. That no force is charged therein."

The charge that the defendant " did make an assault," * * * and " put in bodily fear and danger of his life," and " then and there feloniously and violently did seize, take and carry away " ten dollars in money from the prosecutor, is a very explicit allegation of force. Indeed, the words " feloniously and violently " were of themselves sufficient. *State* v. *Cowan*, 29 N. C., 239, 250. But this indictment goes beyond that and beyond the other words above quoted, and even adds, out of abundant caution, the express words, " with force and arms," which have been held unnecessary in an indictment for any offence for three centuries and a half. *State* v. *Harris*, 106 N. C., 682, 687.

No Error.