## STATE v. JOHNNIE WILLIAMS.

(Filed 13 October, 1965.)

**1. Robbery § 2—**

It is not required that an indictment charging the felonious taking of goods from the person of another by the use of force or a deadly weapon aver that the taking was with the intent to convert the personal property to defendant's own use, the question of specific intent being properly submitted to the jury under the charge. G.S. 14-87.

**2. Robbery § 6—**

Where, in a prosecution for armed robbery, the jury returns a verdict of robbery, the court may not impose a sentence in excess of 10 years.

APPEAL by defendant from *Morris, J.,* January-February 1965 Session of SAMPSON.

This is a criminal action tried upon a bill of indictment charging that the defendant, on 7 January 1965, with the use of a deadly weapon, to wit, a bottle, did threaten and endanger the life of Perry Peterson, the prosecuting witness, and did unlawfully, wilfully, feloniously and violently take from Perry Peterson, and carry away, the goods, chattels and money of the said Perry Peterson, to wit, $35.00 in United States currency, against the form of the statute, *et cetera.*

The defendant and the prosecuting witness had known each other for seven or eight years. The State's evidence tends to show that on 7 January 1965 the prosecuting witness was at his home about 6:00 p.m. when defendant drove his car into the driveway. Defendant was invited inside. The defendant told the prosecuting witness that his car had just run out of gas and requested him to let him have some gas. The prosecuting witness declined to do so and stated that he had only sufficient gas to take him to work the next morning. The defendant then hit the prosecuting witness on the head with an oil bottle, after which the prosecuting witness bent down and picked up some of the broken glass at which time the defendant broke a soft drink bottle over the head of the prosecuting witness. The defendant then picked up a chair and demanded money. The prosecuting witness handed him his billfold and the defendant took $35.00 from it. The defendant then ordered the prosecuting witness to drive him to town. In trying to force the prosecuting witness to get in his car and drive him to town, defendant knocked him down, tore his clothing and knocked all of his jaw teeth out.

The defendant's evidence tends to show that he went to the home of the prosecuting witness to get a jar of liquor and that his car ran out of gas in the driveway; that the prosecuting witness told him to get his

car away from there or he would call the police; that when he started to leave, the prosecuting witness attacked him with a knife.

The jury returned a verdict of "Guilty of Robbery," and the defendant was sentenced to a term of not less than fifteen nor more than twenty years in the State's prison, from which judgment the defendant appeals, assigning error.

*Attorney General Bruton, Deputy Attorney General Harrison Lewis, Trial Attorney Eugene A. Smith for the State.*

*John R. Parker for the defendant.*

PER CURIAM. The appellant does not contend the State's evidence was insufficient to carry the case to the jury and to support the verdict.

The appellant assigns as error, however, the failure of the court below to arrest judgment for that the bill of indictment was fatally defective in that it failed to allege one of the requisite elements of the crime of robbery, to wit, the taking with felonious intent to convert the personal property allegedly stolen to defendant's own use.

Robbery at common law is defined as the felonious taking of money or goods of any value from the person of another in his presence, against his will, by violence or putting him in fear. *S. v. Stewart,* 255 N.C. 571, 122 S.E. 2d 355; *S. v. Bell,* 228 N.C. 659, 46 S.E. 2d 834; *S. v. Burke,* 73 N.C. 83. The gist of the offense of robbery with firearms is the accomplishment of the robbery by the use of or threatened use of firearms or other dangerous weapon. *S. v. Mull,* 224 N.C. 574, 31 S.E. 2d 764.

The indictment in the instant case is sufficient to meet the requirements of G.S. 14-87, and the allegation that the intent to convert the personal property stolen to the defendant's own use is not required to be alleged in the bill of indictment. *S. v. Brown,* 113 N.C. 645, 18 S.E. 51; *S. v. Stewart, supra; S. v. Rogers,* 246 N.C. 611, 99 S.E. 2d 803.

In the case of *S. v. Lunsford,* 229 N.C. 229, 49 S.E. 2d 410, relied on by the appellant, a new trial was granted because the court in its charge to the jury inadvertently failed to explain to the jury what constitutes felonious intent in the law of robbery. In the instant case, the court fully instructed the jury as to what is meant by a felonious taking. *Cf. S. v. Chase,* 231 N.C. 589, 58 S.E. 2d 364. This assignment of error is overruled.

Appellant's assignment of error challenging the correctness of the judgment entered on the verdict returned by the jury is well taken and must be sustained.

The jury returned a verdict of guilty of robbery and the court below imposed a sentence of not less than fifteen nor more than twenty years in the State's prison. When, on a charge of robbery with firearms or other dangerous weapon, the jury returns a verdict of guilty of robbery, the maximum sentence that may be imposed is ten years. *In re Ferguson*, 235 N.C. 121, 68 S.E. 2d 792. *Cf. S. v. Seymour*, 265 N.C. 216, 143 S.E. 2d 69.

This case is remanded to the Superior Court of Sampson County with directions to vacate the sentence imposed by Judge Morris and to enter in lieu thereof a sentence which in no event may exceed the statutory limit of ten years. The prisoner is entitled to credit thereon for the time served.

The remaining assignments of error present no sufficient prejudicial error to warrant a new trial and they are overruled.

Remanded.