(No. 36879.—■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES W. HARRIS, Plaintiff in Error.

*Opinion filed November 19, 1965.*

JAY L. HORBERG and JOHN B. HIRSCH, both of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and WILLIAM A. BOMP, Assistant Attorneys General, and ELMER C. KISSANE and GEORGE SAMELS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Charles W. Harris, was charged with armed robbery and tried by the court without a jury, found guilty, and sentenced for a term of not less than five nor more than fifteen years in the penitentiary. Defendant prosecutes this writ of error to review his judgment of conviction, contending that the evidence introduced against him was the result of an unlawful search and seizure.

Defendant was arrested on March 6, 1961, at the home of his mother, by two police officers who were in the course

of investigating robberies of several retail establishments. The police arrested the defendant and went to his room to permit him to change to street clothes, and at that time a search of the immediate area was made and police found a wallet.

The defendant was then taken to the police station and was identified by Marion Miketinac and her sister, Grace Cikinek, as the man who had accosted them on December 2, 1960, and had stolen Marion Miketinac's purse. They also identified the wallet found in defendant's room as belonging to Marion Miketinac and being in her purse at the time of the armed robbery.

At the trial defendant urged a lack of proper identification of the defendant and claimed that he found the wallet on a C.T.A. bus. On this appeal, however, his sole argument is that the wallet in question was obtained by an illegal search and seizure pursuant to an illegal arrest. Despite the inadequate abstract filed, we have carefully examined the entire record and find that neither the defendant nor his counsel had at any time moved to suppress the evidence in question. We also find a complete lack of any objection to the admission of this evidence on the ground that it was illegally obtained or on any other specific ground.

Defendant's post-trial motions for a new trial and in arrest of judgment are also devoid of any reference to the impropriety of the admission of this evidence. On this appeal much of defendant's argument is devoted to the alleged illegality of his arrest. This issue becomes important only if the evidence obtained thereby is properly objected to at the trial. It is well settled that this court will not consider the question of illegal search and seizure, even though pursuant to an illegal arrest, where it has not been raised before the trial court. (*People* v. *Sotos,* 26 Ill.2d 460; *People* v. *King,* 26 Ill.2d 586; *People* v. *Brengettsy,* 25 Ill.2d 228.) Justice will not be served by permitting a defendant to proceed through an entire trial without raising

alleged error and then take advantage of such error on an appeal from an adverse judgment.

Since this is the only contention raised on this appeal, the judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*