STATE OF NORTH CAROLINA v. RONALD W. FRIETCH AND MELVIN A. EMBLEY

No. 703SC200

(Filed 27 May 1970)

**1. Robbery § 2— indictment — felonious intent**
     Bill of indictment for armed robbery sufficiently charged felonious intent where it alleged that defendants, by the use and threatened use of firearms whereby the life of a motel night clerk was endangered, unlawfully, wilfully and feloniously took money from the motel.

**2. Robbery § 2— indictment — intent to convert property to own use**
     Bill of indictment for armed robbery need not allege that defendants intended to convert the personal property stolen to their own use.

**3. Constitutional Law § 36— cruel and unusual punishment**
     Punishment which does not exceed the limit fixed by statute cannot be considered cruel and unusual in a constitutional sense.

APPEAL by defendants from *Fountain, J.,* November 1969 Criminal Session of CARTERET Superior Court.

Defendants were sentenced on their pleas of guilty to a single bill of indictment charging them with armed robbery. Separate judgments were rendered against each defendant imposing prison sentences of not less than twenty (20) nor more than twenty-five (25) years. Both defendants appeal.

*Attorney General Robert Morgan by Staff Attorney James L. Blackburn for the State.*

*Wheatly and Mason by L. Patten Mason for defendant appellant Frietch.*

*Nelson W. Taylor for defendant appellant Embley.*

VAUGHN, J.

Defendants were represented at their trial and on the appeal by the same court-appointed attorneys. They bring forward two assignments of error.

[1]  For their first assignment of error defendants assert that the bill of indictment was defective in that it did not charge felonious intent. The indictment was as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Ronald W. Frietch, Melvin A. Embley and David E. Stevens late of the County of Carteret on the 8th day of October, 1969 with force and arms, at and in the County aforesaid, unlawfully, wilfully and feloniously, having in their possession and with the use and threatened use of firearms, to wit: pistols, whereby the life of one Edward Sides was endangered and threatened, did then and there unlawfully, wilfully and feloniously, forcibly and violently take, steal and carry away $150.00 in money of the value of $150.00 from the Buccaneer Motor Lodge, 2608 Arendell Street, Morehead City, a place of business, the aforesaid Edward Sides being the night clerk at said place of business and a person in attendance there against the form of the statute in such case made and provided and against the peace and dignity of the State."

[2]  The indictment is sufficient to meet the requirements of G.S. 14-87. The requisite intent was properly alleged. An allegation that the defendants intended to convert the personal property stolen to defendants' own use is not required to be alleged in the indictment. *State v. Williams*, 265 N.C. 446, 144 S.E. 2d 267.

[3]  Defendants also assign as error that the sentences imposed by the court were excessive. This assignment of error is overruled. The

punishment imposed does not exceed the limit fixed by statute. It has been held in case after case that when the punishment does not exceed the limit fixed by statute, it cannot be considered cruel and unusual in a constitutional sense. *State v. Caldwell,* 269 N.C. 521, 153 S.E. 2d 34.

Affirmed.

CAMPBELL and PARKER, JJ., concur.