STATE OF NORTH CAROLINA v. JOE CALVIN KIRK

No. 7220SC830

(Filed 20 December 1972)

1. **Criminal Law § 66— in-court identification of defendant — photographic identification of defendant — independent origins**

   The trial court properly admitted an in-court identification of defendant where the evidence on *voir dire* showed that the witness had a good opportunity to observe the person who robbed him, that the witness had previously selected defendant's photograph from among nine shown him by police and that the witness's in-court identification of defendant was based "on the way he looks here" and not on the photograph.

2. **Robbery §§ 4, 5— common law robbery — insufficiency of evidence — submission of lesser degree of crime proper**

   The evidence failed to support the charge of common law robbery where such evidence tended to show that the driver of a vehicle snatched the victim's wallet while the victim pumped gas into the vehicle, that the purse snatcher ran away unpursued by the victim and that an occupant of the vehicle then drove it away, stopped and picked up the purse snatcher and drove on; however, the trial court properly submitted the case to the jury on the lesser included offense of larceny from the person. G.S. 15-170.

APPEAL by defendant from *Falls, Judge,* at the 31 July 1972 Session of STANLY Superior Court.

By indictment proper in form defendant was charged with the common law robbery of one Tony Stamper. At trial, defendant pleaded not guilty and the evidence presented by the State is summarized as follows:

On the night of 4 July 1972 Stamper, 17, was working at a service station on East Main Street in Albemarle. Around 12:25 a.m. a 1968 green Pontiac with several people in it drove up to the station and the male driver ordered a dollar's worth of gasoline. While Stamper was putting the gasoline in the car, the driver got out of the car, went up behind Stamper, removed a billfold containing approximately $165.00 from Stamper's left hip pocket, and ran east on Main Street. Stamper did not run after the purse snatcher but hollered for him to stop. An occupant of the Pontiac proceeded to drive it off in an easterly direction, stopped and picked up the culprit and drove on. The area around the service station was well lighted. Stamper got a good look at the purse snatcher when he alighted from and walked around the car. As the car drove off Stamper took note

of the license number and called police. Stamper did not know defendant personally but made an in-court identification of defendant as the person who drove the Pontiac up to the station and the person who took the billfold.

The court submitted the case on larceny from the person, the jury returned a verdict of guilty of that charge, and from judgment imposing prison sentence of nine years, defendant appealed.

*Attorney General Robert Morgan by Donald A. Davis, Staff Attorney, for the State.*

*Hopkins and Hudson by Elton S. Hudson for defendant appellant.*

BRITT, Judge.

[1] By his first assignment of error brought forward and argued in his brief, defendant contends that the court erred in finding as a fact and concluding as a matter of law that the in-court identification of defendant by Stamper was admissible into evidence.

On direct examination by the solicitor, when Stamper was first asked to identify the person who took the billfold and money from him, defendant's attorney objected after which the jury was excused and the court conducted a voir dire at which Stamper and two police officers testified. Stamper testified that some three or four days after the alleged crime, police officers showed him nine photographs of Black male subjects; the photographs were in a book, with all subjects similarly dressed and the only writing or notations on the photographs were numbers below each picture; without any suggestion from police and after examining the photographs for some five or ten minutes, Stamper identified the photograph of defendant as a photograph of the person who committed the offense; Stamper based his in-court identification of defendant "on the way he looks here" and not on the photograph.

Stanly County Sheriff McSwain testified on voir dire that the photograph of defendant which Stamper examined was taken some 18 months prior to that time when defendant was under arrest for armed robbery.

Following the voir dire the trial court made findings of fact as contended by the State and concluded that the in-court

identification of defendant by Stamper was not tainted by any outside origin, that the photographs which were used for the purpose of identifying defendant were lawfully obtained by the Stanly County Sheriff's Department and that the out-of-court identification of defendant by Stamper was lawful. The court admitted into evidence Stamper's testimony identifying defendant.

We hold that the findings of fact by the trial court are fully supported by the evidence, the conclusions of law are amply supported by the findings of fact, and the admissibility of the testimony identifying defendant is fully authorized. *Simmons v. United States,* 390 U.S. 377, 19 L.Ed. 2d 1247 (1968) ; *State v. Morris,* 279 N.C. 477, 183 S.E. 2d 634 (1971) ; *State v. Accor and Moore,* 277 N.C. 65, 175 S.E. 2d 583 (1970).

We find no merit in defendant's contention that the court erred in placing the burden of proving the inadmissibility of the identification on defendant. Although the record reveals that on voir dire Stamper and two police officers were examined by defense counsel and cross-examined by the solicitor, the only statement by the court as to burden of proof was "I think the burden is on you (defendant) to show . . . that the photographs were obtained illegally." Assuming, *arguendo,* that the burden of proof on the question was on the State, we can perceive no prejudice to defendant here. Whether defendant offered Stamper and the two police officers as witnesses on voir dire, or whether the State offered them, we can assume that their testimony would have been the same and no evidence was presented to contradict them.

[2]  Defendant assigns as error the failure of the trial court to grant his motion for nonsuit, contending that the evidence failed to support the charge of common law robbery.

It is true that the evidence was not sufficient to make out a case of common law robbery but the court properly submitted the case on larceny from the person. "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, . . . ." G.S. 15-170. Larceny from the person is a lesser included offense of common law robbery. *State v. Swaney,* 277 N.C. 602, 178 S.E. 2d 399 (1971) ; *State v. Wenrich,* 251 N.C. 460, 111 S.E. 2d 582 (1959) ; *State v. Bell,* 228 N.C. 659, 46 S.E. 2d 834 (1948). The assignment of error is without merit and is overruled.

Defendant had a fair trial, free from prejudicial error, and the sentence imposed was within the limits provided by statute.

No error.

Judges PARKER and VAUGHN concur.