THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE TRAVIS (Impleaded), Defendant-Appellant.

(No. 53870;

First District (4th Division)—March 14, 1973.

Gerald W. Getty, Public Defender, of Chicago, (John T. Moran, Jr., and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Robert Samko, and Cary Lind, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Eddie Travis, was charged with the crime of armed robbery. After a jury trial, he was convicted and sentenced to serve not less than three nor more than ten years in the Illinois State Penitentiary. Defendant raises the following issues for review:

1. Whether defendant was denied effective assistance of counsel; and

2. Whether there was probable cause to initially arrest defendant.

On April 6, 1968, at approximately 10:15 in the evening, defendant and four other men entered the tavern located at 8240 S. Archer Avenue in Willow Springs, Illinois. Two of the men entered the tavern's bathroom while the others ordered beer, whiskey and hard boiled eggs. When the men exited from the bathroom, one was holding a sawed-off shotgun in his hands and they announced a holdup. Defendant, armed with a knife, ran around tavern demanding wallets and the money of the patrons. During the holdup, a sixth man, who had previously remained outside, joined the robbers in the tavern. Just before the men left the tavern, defendant stabbed one of the patrons on the finger.

The six men left the tavern after the robbery and attempted to escape in defendant's car. Police pursued them at high speed and when the car containing the robbers halted, two men were captured. The others escaped on foot.

About an hour and a half after the robbery, at midnight, defendant was seen in a service station at 8600 S. Harlem by a policeman who had received a radio message concerning the fleeing robbers and was told to watch for "male Negro subjects on foot". When the officer noticed defendant inside the gasoline service station, but apparently without a vehicle, the officer stopped to investigate. The officer approached defendant and said that he would like to talk to him. Defendant asked the officer what he wanted to talk about and when the officer replied "an investigation", defendant asked: "In regard to the robbery?" The officer then arrested defendant.

The following morning five of the defendants, including defendant Eddie Travis, were shown in a lineup along with two other Negro males to several patrons of the tavern. The five, including defendant Eddie Travis, were identified by each of the witnesses.

Defendant testified in his own behalf and admitted all of the events up to the beginning of the robbery. Defendant stated that he had been drinking heavily and was taken by complete surprise when the other men perpetrated an armed robbery. Defendant maintained that he did not participate in the robbery.

The jury found defendant guilty of armed robbery. The trial court entered judgment on the verdict and after a hearing in aggravation and mitigation, defendant was sentenced to serve not less than three, nor more than ten years in the Illinois State Penitentiary.

Defendant's initial contention on appeal is that at trial in the instant case, he was denied his constitutional right to effective assistance of

counsel. Defendant maintains that his counsel failed to move for a list of witnesses, physical evidence and grand jury minutes until the day of the trial. He also maintains that his counsel failed to move for the suppression of lineup identifications and to quash defendant's arrest; that his counsel failed to make an opening statement and allowed prejudicial photographs to be used; that his counsel allowed the trial judge to examine witnesses improperly; and that his counsel allowed hearsay evidence to be offered. Defendant contends that he was irreparably prejudiced by this attorney's actions and that he was thus denied his right to effective assistance of counsel.

■■■ Defendant in the instant case was represented by private counsel. Where a defendant in a criminal case employs private counsel, his conviction will not be reversed merely because his counsel failed to exercise the greatest skill, or for that reason that it might appear in looking back over the trial, that he made some tactical blunders. (*People v. Stephens*, 6 Ill.2d 257, 128 N.E.2d 731; *People v. Lenker*, 6 Ill.App.3d 335, 285 N.E.2d 807.) Defendant must demonstrate the actual incompetence of his counsel and it must appear that substantial prejudice resulted therefrom, without which the outcome would probably have been different. (*People v. Hill*, 44 Ill.2d 299, 255 N.E.2d 377.) A conviction will not be reversed unless representation was of such low caliber as to amount to no representation at all, or that it was such as to reduce the trial to a farce. *People v. Strader*, 23 Ill.2d 13, 177 N.E.2d 126; *People v. Clark*, 9 Ill.2d 46, 137 N.E.2d 54, *cert. denied*, 352 U.S. 1002, *rehearing denied*, 353 U.S. 931.

Defendant contends that his counsel's failure to move for a list of witnesses, physical evidence and grand jury minutes until the day of trial, is evidence of counsel's incompetence and defendant maintains that because counsel did not obtain such information far in advance of trial, he was unprepared to move to suppress defendant's arrest and lineup identification to defendant's prejudice.

■■ The record in the instant case does not support defendant's contention that his counsel was unprepared. On the contrary, the record indicates that defendant's attorney conducted extensive cross-examination of the State's witnesses and introduced testimony by defendant, which if believed, would demonstrate the lack of requisite intent to commit a crime. It cannot be said that defendant's attorney was unprepared to the substantial prejudice of defendant.

■■■ Defendant next argues that his counsel's failure to make an opening statement is evidence of incompetency. The failure to deliver an opening statement, absent a showing of actual prejudice to defendant is not evidence of the incompetency of counsel. (*People v. Herrera*, 6 Ill.

App.3d 898, 287 N.E.2d 87.) In many cases, competent defense counsel omit opening statements. In the instant case, the only points defendant sought to establish were that he was intoxicated at the time of the robbery and that while he was present he did not participate in the robbery. Defense testimony brought out those points and the failure to mention them in an opening statement cannot be shown to be prejudicial to defendant.

■■ Defendant further alleges his counsel's allowing of the prosecution's use of photographs of certain participants in the crime for identification purposes as further evidence of incompetency. The record indicates, however, that the photographs were never shown to the jury, nor entered into evidence and since they in no way concerned defendant's theory, that though he was present at the robbery he was intoxicated and never participated, we find counsel's failure to object to their use was not prejudicial to the defendant.

■■■ Defendant next cites four instances of defense counsel's failure to object to hearsay evidence at trial. Errors in the admission of evidence are harmless where the facts involved are established by other competent evidence. (*People v. Pelkola,* 19 Ill.2d 156, 166 N.E.2d 54.) In the instant case, the evidence that the alleged hearsay was offered to prove was amply proven by competent evidence and in a trial whose transcript ran well over 600 pages, we find four isolated instances of counsel's failure to object to possible hearsay to be of no indication of counsel's incompetence.

■■ Defendant finally offers his counsel's failure to object to the trial court's entry into the examination of witnesses as evidence of counsel's incompetency. While repeated intrusions by the trial court into the examination of witnesses may be error (*People v. Santucci,* 24 Ill.2d 93 180 N.E.2d 491), in the instant case, counsel's failure to object to the trial court's rephrasing of questions in a few instances without indicating any bias, so that evidence could be properly received and the trial expedited, cannot be deemed to demonstrate incompetence of defendant's counsel.

Defendant's other contention on appeal is that he was initially arrested without probable cause to believe he had committed a crime and that the trial court erred in allowing any evidence deriving from that arrest to be admitted at trial.

■■■ It is well settled that this court will not consider the question of improper arrest where it has not been raised before the trial court. Justice will not be served by permitting a defendant to proceed through an entire trial without raising alleged error and then take advantage of any such error on appeal from an adverse judgment. (*People v. Harris,*

33 Ill.2d 389, 211 N.E.2d 693, *cert. denied,* 383 U.S. 971.) In the instant case, defendant did not raise objection to his arrest at trial and cannot do so for the first time on review.

Moreover, even if the waiver was not upheld, the evidence shows that the police officer clearly had reasonable grounds to believe that an offense had been committed and that the defendant was the perpetrator of that offense. *People v. Wright,* 41 Ill.2d 170, 242 N.E.2d 180, *cert. denied,* 395 U.S. 933.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.