THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LEVANCE McINTOSH, Defendant-Appellant.

First District (1st Division)   No. 77-113

Opinion filed October 17, 1977.

James Geis and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael Shabat, and Margaret K. Stanton, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, Levance McIntosh was arrested for unlawful use of weapons in violation of section 24—1(a)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4)). After a bench trial, the trial court found the defendant guilty as charged and sentenced him to two (2) days in custody, time considered served and one year nonreporting probation. Defendant also was assessed $45 in costs. On appeal, defendant argues that the trial court erred (1) in refusing to suppress the weapon involved inasmuch as it was discovered as the result of defendant's post-arrest statements made prior to the giving of the *Miranda* warning and (2) in failing to find that the weapon was "inaccessible" at the time of the arrest.

We affirm.

The facts are not disputed. On March 21, 1976, Officer Kelly and his partner observed an automobile that matched the description of a vehicle reported stolen. After stopping the vehicle, the officers requested the driver, defendant McIntosh, to produce his driver's license. When defendant could not produce a license, he was placed under arrest. Thereupon Officer Kelly searched the vehicle for evidence of registration while the defendant sat in the squad car with the other patrolman. As Officer Kelly completed his search, the defendant and the other patrolman returned to defendant's automobile at which point defendant stated: "I'm going to level with you guys. You probably found it already." Defendant then proceeded to tell the officers that he had a gun in his car and that it was located in a cushion on the driver's side of the front seat. Officer Kelly retrieved a loaded revolver from a slit in the side of a 1½-foot-square cushion. At this point defendant was read his *Miranda* warnings.

It is undisputed that defendant's admission was made in response to the patrolman's inquiry as to whether he used a gun in the operation of his business. On appeal, defendant contends that this line of inquiry constituted custodial interrogation and that therefore, his admission as to the existence and location of the revolver was involuntary because he had not been given the *Miranda* warnings.

The State responds that defendant has waived the issue of the voluntariness of his statements by not raising that issue in the proceedings below and further, that the statements were volunteered and did not require the giving of the *Miranda* warnings.

■■ While it is generally true that issues not raised in the trial court cannot thereafter be raised on appeal (*People v. Travis* (1973), 10 Ill. App. 3d 714, 295 N.E.2d 325), such issues may be considered by the reviewing court where substantial rights are involved. (*People v. Richards* (1970), 120 Ill. App. 2d 313, 256 N.E.2d 475.) Therefore, in spite of the fact that

defendant failed to raise the issue of the voluntariness of his statements at the motion to suppress hearing or before the trial court, because substantial rights are involved, we will consider the issue.

In *People v. Ricketson* (1970), 129 Ill. App. 2d 365, 264 N.E.2d 220, the defendant was stopped because his rear license plate was hanging less than one foot from the ground in violation of state law. While questioning the defendant, the arresting officers observed a briefcase on the rear seat of the car that had initials stamped thereon which did not correspond with those of the defendant. After obtaining the defendant's permission, one of the officers opened the briefcase and discovered what appeared to be burglary tools. Lifting up a blanket on the rear set, another officer at the scene discovered a television set and a portable radio. At this point the defendant offered to give the officers all of the items in the car if they would let the defendant and his passenger leave. The officers then arrested the defendants for possession of burglary tools.

On appeal, the court held that while the defendants were technically arrested when they were initially stopped and detained for the motor vehicle violation, a *Miranda* situation was not present. The court went on to state:

> "In view of the utility of the automobile in criminal activity, it is important that police officers be afforded the opportunity to make routine investigations and inquiries when, in the course of a motor vehicle violation arrest, they come upon circumstances similar to those in this case. If the investigation then leads to probable cause that the person has committed a specific offense, the Miranda warnings thereafter must be given. Until such time, we do not believe that the detention of an individual for a motor vehicle violation prohibits questioning regarding another crime, without first giving the warnings set forth in Miranda. The questioning of a person in or about his motor vehicle on the street does not normally present the setting for intimidation against which Miranda was directed." (129 Ill. App. 2d 365, 377-78, 264 N.E.2d 220, 226.)

See also *People v. Tate* (1970), 45 Ill. 2d 540, 259 N.E.2d 791.

■■ In the present case, it is quite clear that at the time defendant admitted having a gun he was not the subject of a "custodial interrogation" giving rise to the requirement of the *Miranda* warnings. After defendant was arrested for not having a driver's license, Officer Kelly's partner followed the usual practice of making a routine investigation into the background of defendant. When defendant stated that he was in business for himself, the patrolman merely inquired into whether he owned a gun for protection. There is no evidence that the patrolman was intimidating defendant in any way or had probable cause

to believe defendant committed another specific offense. Clearly this was not a "custodial interrogation" within the meaning of *Miranda*.

Defendant also argues that his conviction for unlawful use of weapons should be reversed because the gun was "inaccessible" at the time of his arrest. Defendant contends that the State failed to prove this issue beyond a "reasonable doubt" after it was raised by defendant as an affirmative defense. We disagree.

■■ While the uncontradicted testimony at trial was that because defendant weighed 175 pounds, he was unable to retrieve the gun unless he got out of the car, the State offered evidence that the weapon *could* have been made readily accessible by defendant. On cross-examination defendant admitted that the cushion could be positioned so that the weapon could face any side he wished. Defendant also admitted that the car seat was adjustable and also that he was able to drive the car with only one hand on the wheel. We believe these facts indicate that for all practical purposes, the gun was in fact "accessible." Other cases have found a weapon "accessible" where the facts indicated that it was less likely to be within the easy reach and control of defendant than in the present case. See *People v. Pugh* (1975), 29 Ill. App. 3d 42, 329 N.E.2d 425; *People v. Strompolis* (1971), 2 Ill. App. 3d 289, 276 N.E.2d 464.

For the abovementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.