STATE OF NORTH CAROLINA v. RODELL PHILLIPS

No. 788SC95

(Filed 11 July 1978)

**1. Searches and Seizures § 14— defendant in custody—consent to search residence**

In a prosecution for an attempt to commit a crime against nature and taking indecent liberties with a minor, the trial court did not err in finding that defendant validly consented to a search of his residence during which an officer found a pair of undershorts belonging to the victim where the officer testified on voir dire that defendant, while in custody, consented to a search of his residence after the officer asked for permission to search the residence for some evidence which had supposedly been left there and told defendant that he had a right to refuse such consent.

**2. Criminal Law § 75.7— inquiry as to "what was going on"—no custodial interrogation**

An officer's inquiry as to whether defendant knew "what was going on" did not constitute custodial interrogation so as to require the *Miranda* warnings.

**3. Crime Against Nature § 3— crime against nature—indecent liberties with minor**

The State's evidence was sufficient for the jury in a prosecution for crime against nature and taking indecent·liberties with a minor.

APPEAL by defendant from *Hobgood, Judge*. Judgments entered 14 September 1977 in Superior Court, WAYNE County. Heard in the Court of Appeals 25 May 1978.

Defendant was charged in a two-count bill of indictment (proper in form) of the offenses of attempting to commit crime

State v. Phillips

against nature against one Keith Peten and taking indecent liberties with Keith Peten, a minor child under the age of 16, and defendant being more than 16 years of age and at least five years older than the child. Defendant was found guilty on both counts by a jury and was given an active sentence of imprisonment by the trial court of ten years on each count to run concurrently.

The State's evidence tended to show that defendant met Keith Peten, age twelve, who lived with his mother, on 23 July 1977 in Goldsboro; defendant took the boy to his house and removed his pants and underpants, and threw him face down on a bed and attempted to have anal intercourse with him against his will; someone came to the door, the boy grabbed his pants and ran from the house leaving his red underpants; Keith related the events to his mother and police officers of the Goldsboro Police Department; defendant was arrested on 25 July 1977 and was taken to the Police Department. Sergeant Jones of the department advised defendant of his *Miranda* rights, then he asked defendant for permission to go to his house and look for some evidence that was supposed to have been left there. Defendant gave permission. At the house, Sergeant Jones found Keith Peten's red underpants near a bed.

Defendant testified that he was elsewhere at the time of the incident and did not see Keith on 23 July 1977.

In rebuttal, the State presented a witness who testified he saw defendant and Keith Peten together about dusk on 23 July 1977.

Prior to the trial of the case, defendant moved the court to suppress the evidence, to wit: a pair of red shorts, boy's size 16, on the grounds that the evidence was taken without a search warrant, and the said search was not based upon proper consent of defendant. The motion was supported by affidavits of defendant and his attorney. The trial judge entered an order allowing the State to introduce the underpants into evidence as State's Exhibit No. 3. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General James Wallace, Jr., for the State.*

*Donald M. Wright, for defendant appellant.*

ERWIN, Judge.

[1]  Defendant contends that the trial court erred in denying his motion to suppress the evidence of a pair of red shorts, known as State's Exhibit No. 3, on the grounds that the consent given by defendant was insufficient and invalid. We do not agree.

The rule is well settled in this State that findings of fact made by the trial judge, and conclusions drawn therefrom on the voir dire examination, are binding on the appellate courts if supported by evidence. *State v. Austin*, 276 N.C. 391, 172 S.E. 2d 507 (1970), *cert. denied*, 400 U.S. 842, 27 L.Ed. 2d 78, 91 S.Ct. 85 (1970); *State v. Wright*, 274 N.C. 380, 163 S.E. 2d 897 (1968); *State v. Wilson*, 262 N.C. 419, 137 S.E. 2d 109 (1964). The trial judge entered his findings as follows:

"However, in this particular case, the Court finds as a fact that the search of the front room of the defendant Phillips' house was in all respects a legal and valid search in that it was made by Officer Jones after a free and voluntary consent on the part of the defendant which was made without coercion or duress or fraud and that the State is allowed to offer the evidence the red underclothes, State's Exhibit 3, as evidence in this case. To the ruling of the Court, the State will be allowed to offer the testimony, the facts surrounding the finding of said red pants, State's Exhibit Number 3."

Keith Peten testified on voir dire examination:

". . . While I was at Mr. Phillips' house I did not leave all my underclothes there but just my bottom underclothes I had my undershirt on.

\*      \*      \*

I am a hundred percent sure those are the same shorts I was wearing. I wear size 14 to 16 shorts, and those are my shorts because they have the same tag on it."

Sergeant Jones of the Goldsboro Police Department testified on voir dire that after defendant received his *Miranda* warnings from him:

". . . I asked Mr. Phillips if I could have permission to go to his residence and look in the front room of his house and I

told him I wanted to look for some evidence that was supposely (sic) had been left there. I told him that he could refuse or allow me to do this, and I told him it was up to him that he could authorize me to go and not to go. He stood there for a minute and sat down and thought for a minute and he said that he didn't have anything to hide and that I had his permission to go; at that point he was sitting in the detective office and Sergeant Spain was in the presence of both him and I and at that point I asked Sergeant Spain if he would sit with Mr. Phillips while I went to the residence."

Defendant testified on voir dire examination as follows:

"When I went in the room he told me to sit down and have a seat and he went and got a bluecoat man and came back. When he brought the bluecoat man back he asked me could he go to my house. I did not kill James Buckram on June 7, 1952. That is the first thing he said and I told him he could go to my house, but I don't know why he wanted to go to my house. I didn't hear him say he wanted to go inside the house; he said that he wanted to go in the house; that is, he just said could he go to the house."

The findings and conclusions of the trial court are supported by the evidence in the record before us, and they are conclusive on appeal and must be upheld. *State v. Tuggle*, 284 N.C. 515, 201 S.E. 2d 884 (1974).

[2] Defendant contends that the trial court committed error in permitting Sergeant Spain of the Goldsboro Police Department to testify to a conversation he had with defendant on the grounds that Sergeant Spain did not know whether or not the defendant had been given his *Miranda* warnings. Sergeant Spain testified on voir dire examination:

"At the time I was with Mr. Phillips I had a firearm upon my person and it was in full view of Mr. Phillips. I asked Mr. Phillips if he knew what was going on and he said that Sergeant Jones was going to his house to search his house. I did not personally give the defendant any Miranda warnings and I did not have any personal knowledge that the Miranda warnings had been given to the defendant."

We hold this question, "what was going on" does not constitute custodial interrogation. *State v. Fletcher* and *State v. St. Arnold*, 279 N.C. 85, 181 S.E. 2d 405 (1971).

[3]  From the evidence presented at the trial of the case, the trial judge correctly overruled defendant's motion for judgment as of nonsuit on the charges of "Crime Against Nature" and "Taking Indecent Liberties with a Minor." Upon motion for judgment as of nonsuit, the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom. Where there is sufficient evidence, direct or circumstantial, by which a jury could find the defendant had committed the offenses charged, then the motion should be denied. *State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976), 4 Strong's N.C. Index 3d, Criminal Law, § 106 at 547. We hold that the evidence in this case was sufficient to submit the charges to the jury and sufficient for the conviction of such charges. In the trial below, the defendant has failed to show prejudicial error.

No error.

Judges BRITT and ARNOLD concur.