STATE OF NORTH CAROLINA v. ROBERT EDWARD YOUNG

No. 8110SC196

(Filed 3 November 1981)

1. Larceny § 4— indictment for common law robbery—conviction of larceny from the person

   Larceny from the person is a lesser included offense of common law robbery, and an indictment for common law robbery will support a conviction for larceny from the person.

2. Indictment and Warrant § 10.1— use of alias in warrant—idem sonans

   Where defendant's real name was unknown at the time of his arrest and a witness mistakenly believed the defendant's nickname to be "Shank" when it was "Chink," an arrest warrant issued for "Shank" sufficiently identified defendant since the names "Chink" and "Shank" sound sufficiently similar to invoke the doctrine of *idem sonans.* Furthermore, defendant waived any objection to the misnomer appearing in the warrant by pleading not guilty and going to trial on the merits of the case.

3. Criminal Law § 75.7— asking of defendant's name—no custodial interrogation

   An officer's asking of the defendant's name did not constitute custodial interrogation, and testimony that defendant falsely identified himself to police officers following his arrest was admissible even though defendant had not been given the Miranda warnings.

4. Criminal Law § 33; Robbery § 3— street price of marijuana—relevancy in robbery case

   In a common law robbery prosecution in which the State's evidence tended to show that defendant unlawfully took $50 from the person of the prosecuting witness, and defendant contended that the prosecuting witness had arranged to buy a half-pound of marijuana from defendant for the price of $60 and instituted a false robbery claim against defendant when defendant failed to deliver the drugs, the State's rebuttal of the street price of a half-pound of marijuana was relevant to aid the jury in deciding which party's version of the facts was true.

5. Larceny § 4— larceny from the person—sufficiency of indictment

   An indictment for common law robbery was sufficient to support defendant's conviction of larceny from the person even though it did not contain express allegations that the property was taken with intent to steal and against the victim's will or without his consent.

   Judge BECTON dissenting.

   APPEAL by defendant from *Clark, Judge.* Judgment entered 26 November 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 2 September 1981.

Defendant was indicted for common law robbery. At trial after the presentation of the evidence, the court allowed the defendant's motion to dismiss the charge of common law robbery based on the insufficiency of the evidence. The jury found the defendant guilty of larceny from the person and sentenced him to seven to ten years imprisonment.

The State's evidence tended to show that a man snatched fifty dollars from James Blue's hand as he walked down a Raleigh street. Blue was unable to apprehend the thief. Danny Sanders witnessed the incident and recognized the defendant as a man who lived on his block, whom he knew only by the nickname "Shank". Pursuant to the statements of Danny Sanders and James Blue, a warrant was issued for the arrest of "Shank" and the defendant was arrested. The defendant's nickname was not "Shank" but was "Chink." Other evidence necessary for the resolution of the appeal is contained in the opinion of the court.

*Attorney General Edmisten, by Associate Attorney Michael Rivers Morgan, for the State.*

*Assistant Appellate Defender Marc D. Towler, for the defendant-appellant Robert Edward Young.*

MARTIN (Robert M.), Judge.

[1] The defendant first argues that his conviction for larceny from the person is invalid because that offense is not a lesser included offense of common law robbery governed by N.C. Gen. Stat. § 15-170. We disagree.

While larceny from the person does carry the same penalty as common law robbery, the North Carolina courts have treated larceny from the person as a lesser included offense. See *State v. McLawhorn,* 43 N.C. App. 695, 260 S.E. 2d 138 (1979), *disc. rev. denied* 299 N.C. 123, 261 S.E. 2d 925 (1980). In *State v. Kirk,* 17 N.C. App. 68, 193 S.E. 2d 377 (1972), the prosecuting witness was working as a gas station attendant one night, and while pumping gas for a customer, the customer exited his car, went behind the prosecuting witness, removed a billfold containing money from the prosecuting witness' hip pocket, and ran down the street. The victim called for the wrongdoer to stop, but to no avail. The Court expressly stated that larceny from the person is a lesser in-

cluded offense of common law robbery. *Id.* at 70, 193 S.E. 2d 379. Thus defendant's assignment of error is without merit and is overruled.

The defendant next contends that the trial judge erroneously admitted into evidence testimony that defendant identified himself to police by giving two false names following his arrest. The defendant argues that (1) his utterance was the product of an unlawful arrest made pursuant to an arrest warrant which did not adequately identify the defendant and (2) testimony concerning this utterance was erroneously admitted because of the absence of a showing that defendant had been informed of his Miranda rights prior to making the statement.

[2] Considering the first contention, it is true that a warrant must clearly and positively identify the person charged with the commission of an offense. *State v. Hammonds*, 241 N.C. 226, 85 S.E. 2d 133 (1954). Nonetheless a description of an accused in a warrant by whatever alias names he may have been known to use, if done in good faith, is proper. *State v. Culp*, 5 N.C. App. 625, 169 S.E. 2d 10 (1969). In this case none of the State's witnesses knew the defendant's real name at the time of arrest. Danny Sanders, however, did identify the defendant as the thief but mistakenly believed the defendant's nickname to be "Shank." Accordingly the arrest warrant was issued for "Shank" while the defendant's nickname was "Chink."

The names "Chink" and "Shank" sound sufficiently similar to invoke the doctrine of *idem sonans*. The doctrine of *idem sonans* has been applied in the North Carolina cases of *State v. Sawyer*, 233 N.C. 76, 62 S.E. 2d 515 (1950), where there was a variance between the defendant's name "Sawyer" and the name of "Swayer" which appeared in the warrant, and *State v. Vincent*, 222 N.C. 543, 23 S.E. 2d 832 (1943), where the defendant's actual name was "Vincent," yet the name "Vinson" appeared in the indictment. In both of these cases, the Supreme Court noted that the respective defendants could not be heard to claim that they were not adequately identified in the arrest warrants at issue. Furthermore, the defendant waived any objection to the misnomer appearing in the warrant by pleading not guilty and going to trial on the merits of the case. *State v. Sawyer, supra; State v. Ellis*, 200 N.C. 77, 156 S.E. 157 (1930).

[3] In addition the defendant argues that his statement was improperly admitted in light of *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966). *Miranda* warnings are only required when a defendant is being subjected to custodial interrogation. *State v. Fletcher* and *State v. St. Arnold,* 279 N.C. 85, 181 S.E. 2d 405 (1971). The mere asking of the defendant's name did not constitute interrogation. Thus no *Miranda* warnings were required.

In *State v. Phillips,* 37 N.C. App. 202, 245 S.E. 2d 587 (1978), a police officer's inquiry as to whether an arrested defendant knew "what was going on" did not constitute custodial interrogation. Similarly, other jurisdictions have ruled that the preliminary questions asked during the booking procedure such as name, address, place of employment, age and other routine background inquiries did not constitute custodial interrogation. *People v. Hernandez,* 263 Cal. App. 2d 242, 69 Cal. Rptr. 448 (1968), *People v. McIntosh,* 53 Ill. App. 3d 958, 369 N.E. 2d 217 (1977), *Clarke v. State,* 3 Md. App. 447, 240 A. 2d 291 (1968).

We do not think that testimony concerning defendant's false identification was improperly admitted. Even if there had been error in the admission of the statement, it would not have been prejudicial since there is no reasonable possibility that it would have contributed to Young's conviction. We believe that the admission of the statement if erroneous would have been harmless beyond a reasonable doubt. *State v. Fletcher* and *State v. St. Arnold,* 279 N.C. 85, 181 S.E. 2d 405 (1971). Defendant's assignments of error are without merit and are overruled.

[4] The defendant also alleges that the admission of evidence relating to the street price of marijuana was error in that the evidence was irrelevant and prejudicial. This contention is totally without merit.

The State's evidence tended to show that the defendant unlawfully took fifty dollars from the person of James Blue. The defense, on the other hand, tried to prove that Blue had arranged to buy a half-pound of marijuana from the defendant for the price of sixty dollars and that when the defendant failed to deliver the drugs, Blue instituted a false robbery claim. Thus the defendant placed the drug issue before the jury and the State's rebuttal evidence concerning the price of a half-pound of marijuana was

appropriate. That evidence served to aid the jury in deciding the ultimate question in this case — which party's version of the facts was true. Consequently, this assignment of error is without merit and is overruled.

[5]  The defendant-appellant's final contention is that the indictment which charged him with the offense of common law robbery was insufficient to support his conviction of the offense of larceny from the person because the indictment did not contain the express allegations that the property was taken with intent to steal, and was taken against the victim's will or without his consent. The indictment read as follows:

> "THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 22nd day of September, 1980, in Wake County Robert Edward Young did unlawfully, wilfully, and feloniously make an assault on James Blue and did put him in bodily fear and danger of his life, and then and there did unlawfully, wilfully, feloniously, forcibly, and violently take, steal, and carry away $50 in United States currency of the value of $50 dollars, from the person and possession of the said James Blue."

It is not required that an indictment charging the felonious taking of goods from the person of another by the use of force aver that the taking was with the intent to convert the personal property to the defendant's own use, for the question of specific intent would properly be submitted to the jury under the charge. *State v. Williams*, 265 N.C. 446, 144 S.E. 2d 267 (1965); *State v. Frietch*, 8 N.C. App. 331, 174 S.E. 2d 149 (1970). Furthermore, the judge expressly charged the jury that the taking must be without the victim's consent. Consequently, this assignment of error is overruled.

For the foregoing reasons, we find in defendant's trial

No error.

Judge MARTIN (Harry C.) concurs.

Judge BECTON dissents.

Judge BECTON, dissenting.

I have neither an aversion to, nor am I unmindful of, the holdings of our courts that larceny from the person is a lesser included offense of common law robbery, since the latter is an aggravated species of the former.[1] However, believing that due process rights are implicated and further believing that it is inherently unfair to submit to the jury the charge of larceny from the person as a lesser included offense of common law robbery since the allowable punishment for the two crimes is the same, I dissent. The due process question, which the defendant raised, was not addressed by the majority, and, apparently, has not been addressed by our courts. Stating my position differently and setting forth the basis for my dissent in the face of seemingly controlling authority, I quote our Supreme Court in *State v. Hale*, 231 N.C. 412, 414, 57 S.E. 2d 322, 323-24 (1950):

> [I] have not overlooked the cases in which seemingly similar instructions have been upheld, but in none of the cases so far examined was the question here debated presented or decided.

The doctrine of lesser included offenses was initially designed to assist the prosecutor; society deemed it unfair that a defendant could be acquitted simply because the prosecutor failed to establish *all* of the elements of the crime charged.[2] Now, however, the defendant shares the benefit of the doctrine. For example, if there is a genuine conflict in the evidence, a defendant is *entitled* to a charge on the lesser included offense. *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970); *State v. Robinson*, 188 N.C. 784, 125 S.E. 617 (1924).

The following general principles govern the submission of any lesser included offense to the jury. "To be necessarily included in the greater offense, the lesser must be such that it is im-

---

1. *State v. Swaney*, 277 N.C. 602, 178 S.E. 2d 399, *appeal dismissed* 402 U.S. 1006, 29 L.Ed. 2d 428, 91 S.Ct. 2199 (1971); *State v. Wenrich*, 251 N.C. 460, 111 S.E. 2d 582 (1959); *State v. Bell*, 228 N.C. 659, 46 S.E. 2d 834 (1948); *State v. Cody*, 60 N.C. 197 (1864); *State v. Kirk*, 17 N.C. App. 68, 193 S.E. 2d 377 (1972).

2. *See Kelly v. United States*, 370 F. 2d 227, 229 (D.C. Cir. 1966) *quoting People v. Mussenden*, 308 N.Y. 558, 562, 127 N.E. 2d 551, 553 (1955), wherein it is stated: "The doctrine evolved at common law to 'prevent the prosecution from failing where some element of the crime charged was not made out.'"

possible to commit the greater without first having committed the lesser." *Giles v. United States,* 144 F. 2d 860, 861 (9th Cir. 1944), *quoting House v. State,* 186 Ind. 593, 117 N.E. 647 (1917). Or, as stated in *State v. Riera,* 276 N.C. at 368, 172 S.E. 2d at 540:

> [W]hen a defendant is indicted for a criminal offense he may be convicted of the charged offense or of a lesser included offense when the greater offense charged in the bill contains all the essential elements of the lesser offense, all of which could be proved by proof of the allegations of fact contained in the indictment.

A defendant is entitled to a charge on the lesser included offense when there is evidence to support the lesser included offense. *State v. Riera; State v. Robinson.* "[I]f the court charges on a lesser included offense when all the evidence tends to support a greater offense, the error is favorable to the defendant and he is without standing to challenge the verdict." *State v. Vestal,* 283 N.C. 249, 252, 195 S.E. 2d 297, 299, *cert. denied* 414 U.S. 874, 38 L.Ed. 2d 114, 94 S.Ct. 157 (1973). ("In all of [the] cases [dealing with the latter principle], however, the evidence [has been] such as to compel [our courts] to conclude that had the jury not been given the unsupported lesser offense as an alternative, it most certainly would have returned a verdict of guilty of a higher offense." *State v. Ray,* 299 N.C. 151, 163, 261 S.E. 2d 789, 797 (1980).) "Conversely, where there does exist a reasonable possibility that defendant would have been acquitted had not the lesser offense been erroneously submitted, the error is prejudicial and defendant is entitled to appellate relief." 299 N.C. at 164, 261 S.E. 2d at 797.

I believe the two requirements that follow must exist concurrently in order for larceny from the person to be a lesser included offense of common law robbery: (1) larceny from the person must share common elements with, but contain fewer of the same constituent elements as, common law robbery; and (2) larceny from the person must have a lesser penalty attached to it than does common law robbery. With the first prerequisite there can be no quarrel. Indeed, common law robbery includes all of the elements of larceny from the person, but has "assault" as an additional element. The majority, in my opinion, has not sufficiently addressed the second requirement suggested above.

State v. Young

First, as noted above, larceny from the person and common law robbery have the same punishment. Common law robbery, until the recent enactment of the Fair Sentencing Act,[3] was not given a specific punishment by statute. Punishment was under G.S. 14-2, the general statutory provision prescribing punishment for felonies. Larceny from the person is, and has been punished under the same statutory provision since it, too, is given no specific punishment under our statutes. *See* G.S. 14-72(b)(1) and 14-2. A legislative history of the two statutes shows that from 1895 to the present, the two crimes have carried the same punishment.[4] To the contrary, and by way of example, the punishment prescribed for murder and its lesser offenses differ in descending gradations, as do the punishments for rape and its lesser offenses and burglary and its lesser offenses.

Second, that jurors sometimes render compromised verdicts when they are given alternative charges to choose from is not unheard of. Nor is it blasphemy to suggest that jurors sometimes think they are doing the defendant a favor by convicting him of a lesser offense. As suggested by defendant in his brief, when a jury is instructed on a lesser included offense which has a lesser penalty than the offense charged, the defendant receives something in return for his exposure to conviction for some offense other than the one charged—that is, the possibility of being exposed to a lesser potential punishment. On the other hand, when a jury is instructed on an offense of "less degree" which has the same penalty as the offense charged, the defendant receives nothing in return for his exposure to conviction of an offense which requires the proof of fewer elements than the offense charged.

Support for the defendant's argument is found in this Court's opinion in *State v. McLawhorn*, 43 N.C. App. 695, 260 S.E. 2d 138 (1979), *disc. rev. denied* 299 N.C. 123, 261 S.E. 2d 925 (1980). In

---

3. G.S. 14-1.1 *et seq.*

4. *See* G.S. 14-2 (Cum. Supp. 1979) and antecedent sections—(R.C., c.34, s.27; Code, s.1096; Rev., s.3292; C.S., s. 4172; 1967, c.1251, s.2; 1973, c. 1201, s.6; 1977, c.711, s.15); *and* G.S. 14-72(b)(1) (Cum. Supp. 1979) and antecedent sections (1895, c.285; Rev., s.3506; 1913, c. 118, s.1; C.S., s. 4251; 1941, c.178, s.1; 1949, c.145, s.2; 1959, c. 1285; 1961, c.39, s.1; 1965, c.621, s.5; 1969, c.522, s.2; 1973, c.238, ss. 1,2; 1975, c.163, s.2; c.696, s.4; 1977, c.978, ss.2,3; 1979, c.408, s.1).

*McLawhorn,* the defendant appealed a conviction of driving under the influence in violation of G.S. 20-138(a) arguing that he was harmed by the failure of the trial court to give an instruction on a 0.10 driving violation under G.S. 20-138(b). (It is to be remembered that the defendant in the case *sub judice* argued that he was harmed because the court gave an instruction on a lesser included offense.) The *McLawhorn* Court, in the face of statutory language of G.S. 20-138(b) that a 0.10 driving offense "shall be treated as a lesser included offense of the offense of driving under the influence," disagreed with the defendant therein and said that a lesser included offense instruction should *not* have been given. The Court stated:

> Although the instruction could have been given, the omission of the instruction was to defendant's benefit. While driving with 0.10 percent by weight alcohol in the blood is by statute to "be treated as" a lesser included offense of driving under the influence, it, in reality, is not a lesser offense. The effect of G.S. 20-138(b) is to allow the court to impose the punishment it could impose for a conviction under subsection (a) of the same statute without the State having to prove that the defendant was under the influence of intoxicating liquor. For both offenses, the State must prove (1) defendant was driving a vehicle and (2) defendant was driving upon a public highway or public vehicular area within the State. As a third element of G.S. 20-138(a), the State must prove beyond a reasonable doubt defendant was under the influence of intoxicating liquor. For a conviction under subsection (b) the State need only prove that the amount of alcohol in defendant's blood was 0.10 percent or more by weight. The punishment range for both offenses under G.S. 20-138 is identical. *See* G.S. 20-179(a). By not instructing on the latter motor vehicle violation, the trial judge benefited the defendant and handicapped the State. The State had the verdict options of only driving under the influence or not guilty. The State was thus put to a greater burden than it would have under G.S. 20-138(b).

43 N.C. App. at 701, 260 S.E. 2d at 142. The defendant was handicapped in this case. He was tried under circumstances whereby he faced the same possible punishment regardless of whether the

State proved *the additional element* of "assault" required for common law robbery.

Further support for the defendant's argument is found, by analogy, in Rule 31(c) of the Federal Rules of Criminal Procedure. Rule 31(c) provides that "[t]he defendant may be found guilty of an offense necessarily included in the offense charged or an offense necessarily included therein if the attempt is an offense."[5] The language of Rule 31(c) refers to offenses "necessarily included in the offense charged" while our statute refers to crimes of a "less degree." The words "less degree" as used in our statute, G.S. 15-170, even more so than the words "necessarily included" as used in Federal Rule 31(c) suggest that the included offense must have a lesser penalty than the offense charged. Even if this were not so, any subtle distinctions which may be drawn from the use of the two terms have been obliterated by the federal courts' use and interpretation of "necessarily included." Federal courts have read Rule 31(c) to mean lesser included offenses. *See Olais-Castro v. United States*, 416 F. 2d 1155, 1157 (9th Cir. 1969) *citing* Orfield, Criminal Procedure under the Federal Rules, § 31.12, pages 139-140; Annot., 11 A.L.R. Fed. 173 (1972).

The two Circuit Courts of Appeals which have addressed the issue presented to us have construed Rule 31(c) such that in order for the offense to be a lesser offense it must carry a lighter penalty than the greater offense. In *James v. United States*, 238 F. 2d 681 (9th Cir. 1956), the court held that the conviction of a defendant charged under the Alaska dwelling burglary statute could not be upheld on the theory that burglary of a nondwelling was a lesser offense of burglary of a dwelling. The dwelling burglary statute specified a minimum of one year imprisonment while the nondwelling burglary statute carried a two-year minimum punishment. The court stated that "[w]e are not disposed to hold that the included offense rule is meant to apply where the claimed 'lesser' or included offense prescribes a greater minimum punishment than the so-called 'greater' or including offense." *Id.* at 683.

---

5. G.S. 15-170 provides that "[u]pon trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime."

In *United States v. Cady*, 495 F. 2d 742 (8th Cir. 1974), the defendant, charged with aiding and abetting a bank robbery aggravated by putting the life of another in jeopardy, requested a charge on the lesser offense of larceny of a bank. The Eighth Circuit found that the trial court properly refused the request since the evidence clearly proved the greater crime. In its discussion of the lesser included offense instruction the court stated:

> A lesser included offense instruction is mandated when requested, provided the lesser offense is necessarily included in the offense charged. *See* Federal Rules of Criminal Procedure 31(c). The lesser included offense must be both *lesser* and *included*. These requirements can only be met where the included offense involves fewer of the same constituent elements as the charged greater offense and where the claimed lesser offense has a lighter penalty attached to it than does the charged offense. [Emphasis in original.]

*Id.* at 747. . .

The reasoning of *McLawhorn* and of the federal cases supports the defendant's position. I believe the procedure used in this case, whereby the defendant was exposed to conviction for an offense requiring proof of fewer elements without the corresponding benefit of being exposed to a lesser potential penalty if convicted of that offense, is inherently unfair and violates the defendant's due process rights under the Fourteenth Amendment to the Constitution of the United States and under Article I § 19 of the Constitution of North Carolina. I, therefore, vote to reverse the conviction.